Hooper RICHARDS and wife, Maude Richards, Plaintiffs–Appellees,

v.

Billy Ray TAYLOR and wife Dianne Elaine Taylor, Defendants–Appellants.

Court of Appeals of Tennessee, Eastern Section.

Feb. 15, 1996.

Application for Permission to Appeal Denied by Supreme Court July 1, 1996.

Mark A. Skelton, Rogersville, for Appellants.

Tom O. Rogan, Rogersville and Lawrence A. Welch, Jr., Greenville, for Appellees.

## OPINION

McMURRAY, Judge.

The dispositive issue in this case is whether the consideration recited in a warranty deed from the plaintiffs to the defendants is so vague and uncertain as to render the deed subject to rescission. The chancellor held that it was and ordered the deed set aside. We respectfully disagree and reverse the judgment of the trial court.

The material facts leading to the execution of the warranty deed are not in dispute. The facts subsequent to the execution, delivery and recording of the warranty deed are highly contested. The material facts occurring after the execution of the warranty deed, however, were found in favor of the appellants, *i.e.*, there was no finding of fraud nor that the defendants failed to abide by the requirements of the deed. If the issues were properly before the court, it was the trial court's duty to decide the issues between the parties. We are not at liberty to presume, even in the absence of an express ruling thereon, that the trial court overlooked a viable issue in the case. Conversely, a public official, in the absence of proof to the contrary, is presumed to do his duty. *See State ex rel. Biggs v. Barclay,* 188 Tenn. 26, 216 S.W.2d 711 (1948). Therefore, we must presume that the trial judge correctly and adequately considered all issues properly presented and that, absent a showing to the contrary, the judgment is complete in every respect.

Our duty under Rule 13(d), Tennessee Rules of Appellate Procedure is as follows: "Unless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." In a *de novo* review, the parties are entitled to a reexamination of the whole matter of law and fact and this court should render the judgment warranted by the law and evidence. *Thornburg v. Chase,* 606 S.W.2d 672 (Tenn.App.1980); *American Buildings Co. v. White,* 640 S.W.2d 569 (Tenn.App.1982); Tennessee Rules of Appellate Procedure, Rule 36. We note that no such presumption attaches to conclusions of law. *See Adams v. Dean Roofing Co.,* 715 S.W.2d 341, 343 (Tenn.App.1986).

The plaintiffs filed their complaint alleging that they were the owners, in fee, of a 22 acre tract of land located in the Fifth Civil District of Hawkins County. They further alleged that the defendants induced them to convey the property to the defendants subject to a life estate in favor of the plaintiffs or the survivor of them. A copy of the warranty deed was attached as an exhibit to the complaint. The plaintiffs alleged that the defendants had been guilty of fraud and failing to properly meet the conditions recited in the deed as a part of the consideration.

The defendants answered denying all the material allegations in the plaintiffs' complaint. Additionally, they filed a counterclaim wherein they sought clear title to the property in question. Alternatively the defendants sought reimbursement for funds expended by them and for the value of services performed by them on behalf of the plaintiffs if the court should determine that the defendants had failed to perform or comply with the terms of the warranty deed and/or the warranty deed should be voided.

At the conclusion of a bench trial the trial judge rendered his findings of fact and conclusions of law from the bench which were transcribed and incorporated by reference into the final judgment. The trial court found that there was a failure of consideration. Generally stated, the trial court found that the recitations in the deed were purely subjective and there were no standards by which to test the performance of the defen-

dants except by the subjective opinion of the plaintiffs. There was no finding of fraud on the part of the defendants. On the other hand, he found that the actions of the plaintiffs themselves amounted to a "virtual fraud." In addition to setting the deed aside, the trial court gave judgment to the defendant-counter-claimants for the sum of $19,917.37. On a post-trial motion the judgment was reduced by $8,500.00.

■ The consideration provisions of the warranty deed provided as follows:

WITNESSETH: That the said parties of the first part [the plaintiffs] for and in consideration of the sum of TEN [$10.00] DOLLARS cash to them in hand paid by the said parties of the second part [the defendants], the receipt of which is hereby acknowledged, and subject to life estates reserved and retained in the property hereinafter described, for and during the lifetimes of first parties and/or the survivor of them, and for the further and additional consideration of the promise and obligation of and by second parties, to first parties, that they will furnish and provide fully, to first parties, and/or the survivor of them, the necessities of life, shelter, food, clothing, medical care and attention not covered by Blue Cross Blue Shield, being maintained by first parties, and medicare and/or medicaid coverage which first parties have, and further, to provide to and for the first parties the enjoyment and comforts of life commensurate with first parties standard of life, all as requested and called for by first parties during the remainder of the lives of first parties, and/or the survivor of them, and the commitment and obligation of second parties to provide for first parties, each of them, at the time of their respective deaths, decent (sic) Christian burial, *and to secure and make certain the performance of said promises and obligations of second parties, a specific lien is, during the lifetime of first parties and/or the survivor of them hereby retained on the property and premises here conveyed* (emphasis in original), have granted, bargained sold, conveyed, and do hereby grant, bargain, sell and convey, unto the said parties....

■ A deed is a contract. Contracts are to be judged by an objective standard, *i.e.,* what a reasonable onlooker would conclude the parties intended from the words expressed in the instrument. *See Cross v. Earls,* 517 S.W.2d 751, 752 (Tenn.1974); *Bob Pearsall Motors, Inc. v. Regal Chrysler–Plymouth, Inc.,* 521 S.W.2d 578 (Tenn.1975); Edward J. Murphy and Richard E. Speidel, Studies in Contract Law 92–108 (3rd ed. 1984). We can see no reason why this rule should not apply to this case. The meaning of "necessities of life" has been long established by the common law of this country and that from which our common law was derived. Generally stated, "necessities of life" mean food, drink, clothing, shelter, medical attention and a suitable place of residence. "... [L]iability for necessaries is not limited to articles required to sustain life; it extends to articles which would ordinarily be necessary and suitable, in view of the rank, position, fortune, earning capacity, and mode of living of the individual involved." Black's Law Dictionary, (6th ed. 1990). Invoking these premises, we are of the opinion that the "necessities of life" as used and enumerated in the deed are essentially synonymous with the common law understanding of those terms and that the parties so intended. We further note that the deed was prepared by an attorney representing the plaintiffs, who without question, understood the common law concept of "necessities of life." The defendants did not have an attorney.

■ It is our conclusion that the consideration recited in the deed is not so ambiguous or uncertain as to justify a rescission of or setting aside of the deed. Rescission is a remedy which "should be exercised sparingly and only when the situation demands such." *James Cable Partners v. Jamestown,* 818 S.W.2d 338, 343 (Tenn.App.1991). We have held that "rescission of a contract is not looked upon lightly. It is available only under the most demanding circumstances." *Robinson v. Brooks,* 577 S.W.2d 207, 208 (Tenn.App.1978). Among the few grounds justifying rescission are fraud and undue influence (neither of which are present in this case). *See Birdsong v. Birdsong,* 39 Tenn. 289 (Tenn.1859). The appellate courts of this

state have held on numerous occasions that, generally speaking, inadequacy of consideration, unconnected with fraud or undue influence, is not a sufficient cause to rescind a contract. *Coffee v. Ruffin,* 44 Tenn. 487 (Tenn.1867); *Pipkin v. Lentz,* 49 Tenn.App. 206, 354 S.W.2d 87 (Tenn.App.1961). In *Hardeman v. Burge,* the Supreme Court stated that "before a court of chancery can rescind a contract for inadequacy of consideration, it must be gross and shocking, such as is equivalent to proof of fraud in the transaction." 18 Tenn. 202, 204 (Tenn.1836). It has also been held that if an adequate remedy at law exists, such as an award of damages, rescission will not be granted. *Chastain v. Billings,* 570 S.W.2d 866 (Tenn.App.1978).

We are of the opinion that there is insufficient evidence in the record to establish any recognized grounds upon which the deed can be rescinded or set aside. We further conclude that the plaintiffs' remedy for the defendants' alleged failure to comply with the terms of the deed was, absent grounds for rescission, enforcement of the lien retained in the deed rather than an action for rescission or to have the deed set aside. We are of the opinion that the defendants in this case are entitled to judgment as a matter of law on the original complaint of the plaintiffs. Our disposition of the plaintiffs' claim renders the counterclaim moot.

The judgment of the trial court is vacated and this case is dismissed. Costs are taxed to the appellees and this case is remanded to the trial court for the collection thereof.

FRANKS and SUSANO, JJ., concur.