IN THE COURT OF APPEALS

# FILED

**November 24, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

AT KNOXVILLE

BRIAN RAY BOWMAN            )            UNION COUNTY
                                         )
03A01-9904-CH-00158
        Plaintiff-Appellee          )
                                            )
                                         )
        v.          )            HON. BILLY JOE WHITE,
                       )            CHANCELLOR
                                         )
SWAN SEYMOUR            )
                             )
        Defendant-Appellant          )            AFFIRMED AND REMANDED


JOHNNY V. DUNAWAY OF LaFOLLETTE FOR APPELLANT

ROBERT W. GODWIN OF KNOXVILLE FOR APPELLEE


O P I N I O N


Goddard, P.J.


        This is a suit by Plaintiff Brian Ray Bowman, seeking to rescind a deed wherein he acquired a certain lot from Swan Seymour.

The Trial Court sustained Mr. Bowman's complaint, rescinded the deed, and awarded him a money judgment[1] against Mr. Seymour as follows:

2.    The Defendant, SWAN SEYMOUR, shall refund to the Plaintiff the purchase price thereof, being ELEVEN THOUSAND AND 00/100 ($11,000.00) DOLLARS, and the sum of TWO THOUSAND THREE HUNDRED TWENTY EIGHT AND 23/100 ($2,328.23) DOLLARS, representing Plaintiff's closing costs in the purchase of the property, property taxes paid thereon for the years 1996, 1997 and 1998, and interest on his purchase money mortgage in the amount of ONE THOUSAND SEVEN HUNDRED FIFTY SEVEN AND 58/100 ($1,757.58) DOLLARS.

Mr. Seymour's appeal raises a single issue:

STATEMENT OF THE ISSUE

WHETHER THE TRIAL COURT ERRED IN GRANTING RESCISSION OF THE DEED WHEN THE APPELLEE WAS PLACED ON NOTICE OF THE EXISTENCE OF AN EASEMENT BY DEEDS OF RECORD AND A TITLE EXAMINATION THAT WAS PERFORMED BEFORE APPELLEE CLOSED THE LOAN AND PAID APPELLANT?

By deed dated August 6, 1996, Mr. Bowman acquired from Mr. Seymour lot number 11 of the Dodson Creek Subdivision located in the Third Civil District of Union County for the purpose of building a house.  Prior to purchasing the lot Mr. Bowman observed there was an old logging road traversing the middle of the lot generally from east to west.  When Mr. Bowman made inquiry of Mr. Seymour, Mr. Seymour told him that the road was his "to do as he pleases." Thereafter, prior to the sale, Mr. Seymour made the same representations to Mr. Bowman's live-in girlfriend and his mother.  Also prior to the sale, Mr. Seymour, in support of his representation relative to the right-of-way, faxed to Mr. Bowman by way of his girlfriend a plat of the subdivision which shows no right-of-way crossing lot 11.

Subsequent to purchasing the property Mr. Bowman was advised by Jerry Cook, who along with his wife owned lot number 14 in the subdivision, that they had a right-of-way over lot 11. Upon receiving this information Mr. Bowman again contacted Mr. Seymour and was again advised that there was no such right-of-way. Mr. Seymour again made the same representation to Mr. Bowman's mother.

Subsequent investigation disclosed that there was in fact a right-of-way conveyed to Floyd W. Carr by Mr. Seymour and his wife by deed dated September 16, 1977, which conveyed lot 14. This deed contains the following language:

Also, included in this conveyance is a right-of-way along the existing road which crosses Lots No. 9, 10, 11, 12, & 13 as an access road to this lot.

The deed conveying lot 11 to Mr. Bowman contains the following language:

THIS CONVEYANCE is made subject to the restrictions of Cool Branch Subdivision, which restrictions are also applicable to Dodson Creek Subdivision, which restrictions appear of record in Misc. Book 5, page 491, in the Union County Register of Deeds Office, and subject to the restrictions, reservations and easements contained in that deed from the United States of America, dated April 23, 1958, of record in Warranty Deed Book J-3, page 554, and in those deeds of record in Warranty Book S-3, page 235, and Warranty Book E-4, page 664, and subject to those conditions set forth in Warranty Book Z-5, page 687, all of record in the Union County Register's Office.

THIS CONVEYANCE is made subject to any and all applicable restrictions, easements, and building setback lines as are shown of record in the Union County Register's Office and further to any matter and/or conditions which would be disclosed by a current accurate survey and/or inspection of the property herein described.

In the deed from Mr. Seymour to Mr. Bowman, the specific

conveyance of lot 14 to Mr. Carr and the right-of-way appurtenant is not referenced, although there is a reference to a tract of land conveyed to Mr. Seymour which does except lot 14 and a right-of-way. It is doubtful whether the right-of-way mentioned in the exception is the right-of-way crossing lot 11. Indeed, it would appear that it was not, in that Mr. Seymour apparently subsequently acquired lot 14 which, as already noted, was excluded from the deed aforementioned and apparently acquired by him from some other source. Moreover, as far as the record discloses, Mr. Seymour first imposed the right-of-way in the conveyance of lot 14 to Mr. Carr.

There is, however, a specific reference to the right-of-way across lot 11 in a title examination prepared for First State Bank of Maynardville, the institution lending the money to Mr. Bowman for the purchase of the property. This title examination states in the first sentence that it is "for the exclusive use of First State Bank, Maynardville, Tennessee, and not to be relied upon by any other person or firm."

It does not appear that Mr. Bowman was ever aware of the portion of the title examination relating to lot 14 and the right-of-way.

Finally, as to constructive notice, the recorded plat of the subdivision shows the right-of-way crossing lot 11.

The only witness called by the defense was Mr. Seymour himself, who stated repeatedly that he did not recall any conversations with either Mr. Bowman, his girlfriend, or his mother. When pressed by

adverse counsel near the conclusion of his testimony, he responded as follows:

> Q   When your lawyer asked you that and you say you don't recall telling Mr. Bowman, Ms. Dyer, Mrs. Bowman that it didn't matter, you're unable to tell the Court under oath today that you never made those statements, are you?
>
> A   I said I don't recall it.
>
> Q   That's the best you can do, right?
>
> A   That's the best I can do.

The Trial Court found Mr. Bowman and his witnesses to be credible, and that Mr. Seymour had indeed made the representations they testified about.

A party is entitled to rescind a contract where a material mutual mistake of fact has occurred, Isaacs v. Bokor, 566 S.W. 532 (Tenn. 1978); Vakil v. Idnani, 748 S.W.2d 196 (Tenn. Ct. App. 1987); Robinson v. Brooks, 577 S.W.2d 207 (Tenn. Ct. App. 1978), or because of fraud--which vitiates all contracts--practiced by one party upon the other.  Richards v. Taylor, 926 S.W.2d 569 (Tenn. Ct. App. 1996); Winstead v. First Tenn. Bank N.A., Memphis, 709 S.W.2d 627 (Tenn. Ct. App. 1986).  The equitable remedy of a rescission, however, is not enforceable as a matter of right, but rests within the sound discretion of the trial court.  Vakil v. Idnani, supra.

Applying the foregoing law to the facts of this case, it is apparent that if the representation given by Mr. Seymour was given in good faith, and he at the time it was given believed no right-of-way existed, there was a mutual mistake giving rise to a suit for rescission.  If, on

the other hand, Mr. Seymour knew the true facts and misrepresented them to Mr. Bowman he would be guilty of fraud which would likewise give rise to a suit for rescission. Accordingly, we find under the facts of this case the Trial Judge did not abuse his discretion and acted properly either under theory of mutual mistake or fraud.

In our resolution of this case we concede that Mr. Bowman was upon constructive notice of the right-of-way by virtue of the recorded plat which shows the right-of-way. However, we believe that the false representation made to Mr. Bowman is sufficient to outweigh constructive notice. Moreover, it is arguable that even if Mr. Bowman had actual notice of the right-of-way he might still be able to prevail because of Mr. Seymour's representations from which he might conclude that Mr. Seymour had purchased the right-of-way from the owner of lot 14, as indeed he tried to do after this controversy arose.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Mr. Seymour and his surety.

_____

Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____

D. Michael Swiney, J.