# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 25, 2001

## STATE OF TENNESSEE v. BURITA A. WINEBARGER

### Direct Appeal from the Criminal Court for Sullivan County
#### No. S44,394     Phyllis H. Miller, Judge

---

#### No. E2001-00149-CCA-R3-CD
#### November 15, 2001

---

The Defendant, Burita A. Winebarger, was charged in an arrest warrant with the offense of theft of property less than $500.00 in value. She pled guilty to the offense in the General Sessions Court of Sullivan County. The General Sessions Court sentenced her to serve eleven months and twenty-nine days, with all but thirty days suspended. Defendant filed a timely appeal to the Criminal Court of Sullivan County. On the date that the case was set for "announcement" in criminal court, Defendant was approximately one hour late in arriving at court. The criminal court dismissed the appeal for "failure to prosecute" and remanded the case to the General Sessions Court of Sullivan County for "execution of the sentence." The Defendant filed a timely appeal to this court. After a review of the record, and the applicable law, we reverse the judgment of the criminal court and remand for a sentencing hearing *de novo*.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Reversed and Remanded for Sentencing Hearing.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Richard A. Spivey, Kingsport, Tennessee, for the Appellant, Burita A. Winebarger.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. BACKGROUND

We initially observe that the Defendant, in her appeal to the criminal court, requested a jury trial. She had pled guilty to theft in general sessions court, and submitted sentencing for determination by the general sessions judge. She could only appeal the sentence, a non-jury matter, and could not appeal the issue of guilt. Tenn. R. Crim. P. 5(c)(1). Tennessee Code Annotated section 40-4-112 permits the defendant to appeal a sentence imposed by the general sessions court following a plea of guilty to the offense. Rule 5(c)(1) of the Tennessee Rules of Criminal Procedure mandates that the appeal of the sentence is *de novo*, and this necessarily requires a new sentencing hearing in the criminal court pursuant to Chapter 35 of Title 40, Tennessee Code Annotated.

After Defendant appealed the sentence in General Sessions Court of Sullivan County, her case was set on the "trial docket" in Sullivan County Criminal Court for November 21, 2000. However, on November 20, 2000, Defendant appeared in court and her case was reset for "announcement" on January 12, 2001, and was removed from the "trial docket" setting of November 21.

On the morning of January 12, 2001, the trial court called Defendant's case and Defendant was not present, although her attorney was present. The trial court asked the State's prosecutor whether he "had a motion." The prosecutor then orally moved for issuance of a capias and for the court to dismiss the appeal and remand the case to the General Sessions Court of Sullivan County. Defendant had been released on a bail bond of $750.00. In response to the State's motion, the trial court stated:

> THE COURT: Okay, if your client has an appeal case out of General Sessions Court and she doesn't show up, it's dismissed for failure to prosecute her appeal, and I've issued a capias issuing ---- ordering a capias and conditional forfeiture.

The court subsequently stated that the Defendant's case was remanded to sessions court for execution of the judgment. The trial court's minute entry states that the case was dismissed "for failure to prosecute the appeal," and remanded to General Sessions Court. Further it was ordered that the Defendant appear in the General Sessions Court on January 16, 2001 at 9:00 a.m. for "execution of sentence."

The transcript of the trial court proceedings on January 12, 2001 reflects that Defendant arrived in court, approximately one hour late, at 9:30 a.m. When the trial court became aware of this development, it announced that notwithstanding the arrival of Defendant, the court was not sure whether or not the order remanding the case to General Sessions Court would be set aside. The trial court further advised Defendant's counsel that if he was going to move the trial court to set aside the order of remand, proof would have to be submitted in an evidentiary hearing. This evidentiary

hearing was held later that day, and Defendant and her daughter-in-law testified as to the various reasons for the Defendant being late to court. Testimony established that the Defendant was 63 years of age and relied upon her son and daughter-in-law for transportation to the court. They were delayed by ice and snow.

On appeal, Defendant has submitted two issues as follows:

(1)     Whether the trial court committed reversible error in dismissing [Defendant's] appeal and remanding this cause to General Sessions Court for execution of judgment.

(2)     Whether the trial court committed reversible error by denying [Defendant's] motion to place her cause back on the docket after the trial court had dismissed it on the ground of failure to prosecute.

We will address both of Defendant's submitted issues by rephrasing into one issue, i.e., whether the trial court erred by dismissing the appeal and remanding the case to the General Sessions Court.

## II. ANALYSIS

On appeal, the State concedes that it could find no legal authority which would authorize the criminal or circuit court to dismiss an appeal in a criminal case and then remand the case to the general sessions court when a defendant does not appear in court at a designated time.

Tennessee Code Annotated section 27-5-108 provides for an appeal by a defendant in a criminal case from a general sessions court judgment to the circuit or criminal court. Section (c) states that "[a]ny appeal shall be heard *de novo* in the circuit court." Tenn. Code Ann. § 27-5-108 (1997 & Supp. 2000).

Tennessee Code Annotated section 27-5-107 states as follows:

**27-5-107. Affirmance.** – If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs.

In State v. Cunningham, 972 S.W.2d 16 (Tenn. Crim. App. 1998), a panel of this Court reviewed the case of a defendant whose probation in the Municipal Court of Jackson, Tennessee, had been revoked, and the defendant appealed this revocation to the Circuit Court of Madison County. The circuit court affirmed the municipal court's judgment, but had not conducted a *de novo* hearing. In reversing and remanding the case to the circuit court for a *de novo* probation revocation hearing, our Court noted,

In a *de novo* review, "the parties are entitled to a reexamination of the whole matter of law and fact." Richards v. Taylor, 926 S.W.2d 569, 570 (Tenn. App. 1996). The circuit court is not concerned with what took place in the lower court; the matter is tried as if no other hearing had occurred. Hohenberg Bros. Co. v. Missouri Pac. R.R. Co., 586 S.W.2d 117, 119 (Tenn. App. 1979).

A *de novo* hearing encompasses more than just the presentation of proof. The court must try the matter *and render judgment* as if no judgment had previously been rendered.

Cunningham, 972 S.W.2d at 18 (emphasis in original).

Based upon Cunningham, we conclude that an appeal by a defendant in a criminal case from general sessions court is of such significance that it should not be dismissed merely because a defendant is one hour late for court.

In the case *sub judice*, the conviction upon a plea of guilty necessarily follows the appeal, and becomes a judgment of conviction in the Criminal Court of Sullivan County, with the criminal court required to have a *de novo* sentencing hearing, pursuant to all applicable provisions to sentencing in misdemeanor cases under the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-4-112; Tenn. R. Crim. P. 5(c)(1). Normally a defendant has a right to be present for a sentencing hearing. The right to be present at a sentencing hearing can be waived or forfeited by a defendant. Tenn. R. Crim. P. 43(a); see State v. Carruthers, 35 S.W.3d 516, 567-68 (Tenn. 2000). In the case *sub judice,* the trial court initially ordered a conditional forfeiture of the bond and issuance of a capias. This was later rescinded by the trial court, even though the court ordered the case "remanded" back to the general sessions court.

Based upon this record, we conclude that the Defendant has not waived or forfeited her right to a sentencing hearing. While we do not condone the Defendant's tardiness for court, we conclude that a defendant's right to a sentencing hearing outweighs the right of the State to have an appeal from general sessions "dismissed" upon a defendant being only one hour late for court. Accordingly, the judgment of the trial court is reversed, and this case is remanded to the Criminal Court of Sullivan County for a sentencing hearing, and entry of a judgment of the criminal court in accordance with the guilty plea previously entered by Defendant, and the sentencing determination made by the trial court.

_____
THOMAS T. WOODALL, JUDGE