IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs  April 23, 2002

## STATE OF TENNESSEE v. ROBERT ANDREW LEWIS

**Direct Appeal from the Criminal Court for Knox County
No. 72846, 72847    Ray L. Jenkins, Judge**

---

**No. E2001-02305-CCA-R3-CD
August 22, 2002**

---

Defendant, Robert Andrew Lewis, pled guilty to two counts of driving under the influence of an intoxicant, first offense, in the General Sessions Court of Knox County.  The trial court imposed concurrent sentences of confinement for 11 months and 29 days, with all but 10 days of the sentences suspended.  In addition, the trial court suspended Defendant's driving privileges for one year, and ordered him to pay a fine of $350.00 and attend DUI school.  Within one year, a violation of probation warrant was issued, alleging that Defendant was driving on a revoked license, arrested for DUI, and had failed to complete DUI school.  The General Sessions Court of Knox County revoked Defendant's probation and reinstated his sentences for both offenses.  Defendant appealed to the Criminal Court of Knox County.  On the date that his case was to be heard, Defendant's trial counsel did not appear in court.  As a result, the criminal court dismissed the appeal for failure to prosecute and affirmed the judgment of the Knox County General Sessions Court revoking Defendant's probation.  After a review of the record and applicable law, we reverse the judgment of the criminal court and remand this case for a de novo hearing on the probation revocation warrant.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Reversed and Remanded.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Joe M. Felknor, Knoxville, Tennessee, for the appellant, Robert Andrew Lewis.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Randall Eugene Nichols, District Attorney General; and Zane Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Background

On June 7, 2000, Defendant was convicted of two separate offenses of driving under the influence of an intoxicant, Tenn. Code Ann. § 55-10-401, first offense, in the General Sessions Court of Knox County. He was sentenced to serve concurrent terms of 11 months and 29 days confinement, with all except 10 days suspended, on both warrants (nos. 507630 and 494354). In addition, the trial court imposed a fine of $350.00, ordered that Defendant attend DUI school, and suspended his driving privileges for one year.

Approximately seven months later, on January 17, 2001, a violation of probation warrant was issued in the general sessions court alleging that Defendant had "failed to comply with the conditions of his probation by getting arrested for DUI and driving on a revoked license on November 10, 2000 and failure to complete DUI school." On June 14, 2001, the general sessions court ordered that Defendant's probation upon his two DUI convictions, warrants Nos. 507630 and 494354, be revoked. On the same day Defendant filed an appeal to the criminal court for a de novo hearing in both cases. Upon his appeal to the criminal court and demand for a de novo hearing, Defendant was released on his own recognizance.

On July 11, 2001, Defendant appeared with counsel in the Criminal Court of Knox County, at which time he waived the reading of the warrants, reserved entry of his plea, and requested a motion date. According to Defendant's counsel, the motions (which were not described) may have been "dispositive" of his case. Specifically, counsel claimed that the general sessions court failed to comply with constitutional requirements which must be fulfilled prior to revoking a defendant's probation. Defendant's motion hearing was scheduled to occur on August 23, 2001, but his counsel failed to appear in criminal court on that date. The record reflects that the following colloquy occurred:

> THE COURT: Has anyone seen [Defendant's counsel]?
>
> [PROSECUTOR]: He came in during the recess.
>
> (After the final calling of the docket, the further following proceedings were had in this case:)
>
> [PROSECUTOR]: Your Honor, as to the Lewis case, [Defendant's counsel] is not here. This is an appeal from Sessions Court. I would move that the Court confirm [sic] the Sessions Court.
>
> THE COURT: All right. All right. Adjourn.
>
> [PROSECUTOR]: – this was the trial date.

-2-

Although the record does not reflect that Defendant was present in the courtroom, it also fails to reflect that he was *not* present. We surmise that if Defendant had not been present at this proceeding, the trial court would have noted as much, revoked the order allowing release upon his own recognizance, and ordered that a capias be issued.

In an order filed August 24, 2001, the Criminal Court for Knox County dismissed Defendant's appeals concerning his probation revocation for "failure to prosecute," and affirmed the judgment of the Knox County General Sessions Court (revoking Defendant's probation). On appeal to this Court, both cases have been consolidated for our consideration and the following issues are presented: (1) whether the trial court erred by dismissing Defendant's appeal for "failure to prosecute" and by affirming the general session court judgment revoking Defendant's probation on the ground that his counsel failed to appear in court; and (2) whether the trial court erred by affirming the judgment revoking Defendant's probation whereas his placement on probation was not valid in the first place.

**Analysis**

First, we address Defendant's contention that the trial court erred by dismissing his de novo appeal for "failure to prosecute" and by affirming the general sessions court's revocation of his probation on the ground that his counsel failed to appear in court.

Tennessee Code Annotated section 40-35-311 provides that

> Whenever any person is arrested for the violation of probation and suspension of sentence, the trial judge granting such probation and suspension of sentence, the trial judge's successor, or any judge of equal jurisdiction who is requested by such granting trial judge to do so shall, at the earliest practicable time, inquire into the charges and determine whether or not a violation has occurred, and at such inquiry, *the defendant must be present and is entitled to be represented by counsel and has the right to introduce testimony in the defendant's behalf.*

Tenn. Code Ann. § 40-35-311(b) (1997 & Supp. 2001) (emphasis added).

If the trial judge finds that the defendant violated the conditions of his probation by a preponderance of the evidence and, as a result, causes the defendant to commence execution of the judgment as originally entered, the defendant has the right to appeal. See Tenn. Code Ann. 40-35-311(e) (Supp. 2001). Tennessee Code Annotated subsection 27-5-108(a) provides that any party may appeal from an adverse decision of the general sessions court to the circuit court of that county within ten (10) days. Subsection (c) states that such appeal "shall be heard de novo in the circuit court." Tenn. Code Ann. § 27-5-108(c) (2000).

In State v. Cunningham, 972 S.W.2d 16 (Tenn. Crim. App. 1998), the defendant's probation was revoked by the Municipal Court of Jackson, Tennessee. The defendant appealed the revocation

to the Circuit Court of Madison County, and the circuit court affirmed the municipal court's judgment without conducting a de novo hearing. A panel of this Court reversed and remanded the case to the circuit court for a de novo probation revocation hearing. In doing so, our Court stated that "[i]n a de novo review, 'the parties are entitled to a reexamination of the whole matter of law and fact." Id. at 18 (quoting Richards v. Taylor, 926 S.W.2d 569, 570 (Tenn. App. 1996)). The reviewing court is not concerned with what took place in the lower court; instead, "the matter is tried as if no other hearing had occurred." Id. (citing Hohenberg Bros. Co. v. Missouri Pac. R.R. Co., 586 S.W.2d 117, 119 (Tenn. App. 1979)). In other words, "[a] de novo hearing encompasses more than just the presentation of proof. The court must try the matter as if no judgment had previously been rendered." Id.

In State v. Winebarger, 70 S.W.3d 99 (Tenn. Crim. App. 2001), our Court found that the trial court erred in dismissing the defendant's appeal of the general sessions court sentence for "failure to prosecute" where the defendant arrived at court approximately one hour late. Relying on Cunningham, we reversed and remanded the matter to the trial court for a de novo hearing upon a finding that "an appeal by a defendant in a criminal case from general sessions court is of such significance that it should not be dismissed merely because a defendant is one hour late for court." Id. at 102.

Under Cunningham, Defendant is entitled to a de novo reexamination of the whole matter of law and fact. In the case sub judice, Defendant's trial counsel failed to appear in court, but the record does not indicate that Defendant was not present. Further, the record does not suggest that Defendant was in any way responsible for his counsel's absence. Statutory law provides that a defendant who is charged with a probation violation is entitled to be: (1) present at the probation revocation hearing, (2) represented by counsel, and (3) allowed to present testimony on his behalf. See Tenn. Code Ann. § 40-35-311(b) (1997 & Supp. 2001). Consequently, we conclude that the criminal court's dismissal for "failure to prosecute" and subsequent affirmation of the general sessions court's revocation of Defendant's probation was not proper under the circumstances presented here. Since we find it was error for the trial court to dismiss the appeal from general sessions court on the ground that Appellant's counsel was not present in the courtroom when the case was called, this case is remanded for a for a de novo hearing in the criminal court concerning the probation revocation in each case.

Defendant also claims that a probation violation cannot be found because the judgments fail to contain an express provision placing him on probation in the first place. He contends that it is unconstitutional to "read into" the judgments that which is not expressly stated therein. Defendant claims that, since he was not on probation, he was not subject to revocation thereof and the trial court should have dismissed the violation of probation warrants against him.

Although Defendant's counsel claimed at the proceeding in criminal court on July 11, 2001 that motions would be, or had been, filed which may be "dispositive" of the case, the appellate record contains no such motion(s). The record further reveals that no motions were ever presented to the trial court. Generally, an appellate court may review only those issues which were previously

-4-

presented for determination in the lower court.  <u>See</u> Tenn. R. App. P. 36(a); <u>Fahrner v. S.W. Mfg., Inc.</u>, 48 S.W.3d 141, 148 (Tenn. 2001); <u>Norton v. McCaskill</u>, 12 S.W.3d 789, 795 (Tenn. 2000); <u>Lawrence v. Stanford</u>, 655 S.W.2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal . . . .").  Therefore, this issue is not properly before us.

### Conclusion

For the reasons stated in this opinion, the judgment of the trial court is reversed, and this case is remanded for a <u>de</u> <u>novo</u> hearing in the criminal court concerning the probation revocation in each case.  The trial court should also allow Defendant to present any motions which have been timely filed by Defendant concerning the revocation of probation.

_____
THOMAS T. WOODALL, JUDGE