IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 5, 2003 Session

## JASON REAVES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. GS-01000     Arthur T. Bennett, Judge**

---

**No. W2002-02540-CCA-R3-CD  - Filed September 12, 2003**

---

The Defendant was convicted in general sessions court of Driving While Under the Influence and "Refusal to Submit." He appealed his convictions and sentences to the Criminal Court for Shelby County. The Defendant failed to appear for his initial court hearing in criminal court, and a capias was issued for his arrest. The Defendant was arrested on the capias, posted bond, and subsequently appeared one hour late for a hearing in criminal court. The criminal court dismissed the appeal and remanded the case to general sessions court for the execution of the original judgments. This appeal ensued, in which the Defendant argues (and the State concedes) that the criminal court erred by dismissing the appeal and remanding the case to general sessions court. We agree and reverse the judgment of the criminal court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Joseph S. Ozment, Memphis, Tennessee, for the appellant, Jason Reaves.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; Lee Coffee, Assistant District Attorney General; and W. Chris Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant, Jason Reaves, was arrested on May 18, 1999, on charges of Driving While Under the Influence, Public Intoxication, Driving without a Driver's License, Refusal to Submit, and Leaving the Scene of an Accident. On September 30, 1999, having waived his right to a jury trial,

the Defendant pled not guilty and was tried in general sessions court. Following the trial the Defendant was convicted of Driving While Under the Influence and Refusal to Submit. On November 9, 1999, the Defendant was sentenced, and he immediately appealed his conviction to criminal court and demanded his right to a jury trial. A bond arraignment held on December 13, 1999, and the Defendant failed to appear. The court ordered that a capias be issued.

The Defendant was arrested on the capias and proceeded with the appeal of his case. The State filed a motion to dismiss and remand the case based on the Defendant's failure to appear in court on December 13, 1999. At the hearing held on the motion to dismiss, the Defendant appeared one hour late, and the court dismissed the Defendant's appeal due to his tardiness, remanding it back to the general sessions court. The Defendant is before this Court appealing the trial court's order.

The State concedes that the trial court erred when it remanded the case back to general sessions court. In our view, the following excerpt from the State's brief accurately sets forth the law applicable to this issue:

> Tennessee Code Annotated § 27-5-108 provides for an appeal by a defendant in a criminal case from a general sessions court judgment to the circuit or criminal court. Section (c) states that all appeals "shall be heard de novo in the circuit court." Tenn. Code Ann. § 27-5-108(c). In a de novo review, "the parties are entitled to a reexamination of the whole matter of law and fact." *State v. Cunningham*, 972 S.W.2d 16, 18 (Tenn. Crim. App. 1998) (quoting *Richards v. Taylor*, 926 S.W.2d 569, 570 (Tenn. Ct. App. 1996)). The circuit court should not be concerned with what took place in the lower court. The matter must be tried as if no other hearing has ever been heard. *Ward v. Meharry Medial College*, 898 S.W.2d 181 (Tenn. 1995); *see also Hohenberg Bros. Co. v. Missouri Pac. R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979). The court is required to try the matter and render judgment as if no judgment had previously been passed. *Cunningham*, 972 S.W.2d at 18.
>
> The issue presented in this case was previously addressed by this Court in *State v. Winebarger*, 70 S.W.3d 99 (Tenn. Crim. App. 2000). In *Winebarger*, the defendant was an hour late to criminal court for the announcement of her appeal. The court dismissed the appeal for "failure to prosecute" and remanded the case to the general sessions court for execution of the original sentence. Id. at 99. Ultimately, the Court in *Winebarger* concluded that "an appeal by a defendant in a criminal case from general sessions court is of such significance that it should not be dismissed merely because a defendant is one hour late for court." *Id*. at 102.

Based on the aforementioned reasoning, the State conceded "that the trial court erred in dismissing the defendant's de novo appeal. The ruling of the circuit court should be reversed, and the defendant's appeal to the circuit court should be heard." We find that the State's reasoning is sound and, therefore, reverse the trial court on these grounds.

Accordingly, the judgment of the trial court is REVERSED, and this case is remanded to the Criminal Court of Shelby County for *de novo* proceedings consistent with <u>Cunningham</u> and <u>Winebarger</u>.

_____
ROBERT W. WEDEMEYER, JUDGE