IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 2, 2004 Session

## STATE OF TENNESSEE v. MICHAEL A. MOORE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5209     Jon Kerry Blackwood, Judge**

_____

**No. W2002-03122-CCA-MR3-CD  - Filed March 30, 2004**

_____

Following a bench trial in general sessions court, the defendant was convicted of DUI. On the same day, he filed notice of appeal to the circuit court. The circuit court judge's administrative assistant advised the defendant by letter to appear before the court to set a trial date. The defendant failed to appear as scheduled, and the circuit court dismissed the appeal. The defendant now appeals the circuit court's dismissal. Because the record does not reveal any notice to or participation by appointed counsel at the circuit court level, we reverse the judgment of the circuit court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Didi Christie, Brownsville, Tennessee, for the appellant, Michael A. Moore.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record in this case is sparse and very confusing. We do garner the following from the record. The District Public Defender was appointed by the general sessions court to represent the defendant on the charge of driving under the influence. After a bench trial in general sessions court on July 2, 2002, the defendant was found guilty. The general sessions judge sentenced the defendant to eleven months and twenty-nine days, with all but forty-eight hours suspended. On the same day, the defendant filed a notice of appeal to the circuit court.

The circuit court judge's administrative assistant advised the defendant by letter to appear in court on July 24, 2002, to set the case for trial. Further, the letter informed the defendant that

failure to appear on July 24th would result in dismissal of his appeal. The letter further stated that if the defendant "retain[ed] an attorney," the attorney should notify the clerk's office. The letter made no mention of the defendant's appointed counsel in the general sessions court or the right to appointed counsel if the defendant were indigent. Nor does the letter reflect that a copy was sent to the public defender's office.

On the appointed date, the defendant did not appear in court, and his appeal was dismissed for failure to appear. The record does not reflect that a representative of the public defender's office appeared on July 24. Although the order of dismissal reflects service on the state and the defendant personally, it does not show service on appointed counsel who represented the defendant in general sessions court.

On September 24, 2002, the defendant filed a *pro se* Motion to Reinstate Appeal. In the motion, the defendant stated that he was unable to appear on July 24th due to food poisoning. The defendant claimed he had been unable to obtain the services of an attorney due to his "crushing poverty." The defendant further stated that he notified the circuit court clerk of his reason for not appearing on the scheduled date "within the week." According to the motion, the defendant requested rescheduling and was told by the clerk to contact the judge's secretary. The defendant stated that his attempts to contact the court through "several phone calls and one letter went unanswered." The circuit court granted a hearing on the motion and set the hearing date for November 27, 2002. On December 3, 2002, the circuit court denied the Motion to Reinstate Appeal filed by the defendant.

## Procedural Quagmire in the Appellate Court

This case has an unusual procedural background, primarily because of the original filings of the *pro se* defendant. After the trial court denied the defendant's *pro se* Motion to Reinstate Appeal on December 3, 2002, the defendant filed what we described as a "largely incoherent pleading" in this court seeking an appeal. See State v. Mike Moore, No. W2002-03122-CCA-MR3-CD (Tenn. Crim. App. Jan. 24, 2003) (order). We found the pleading insufficient to invoke our jurisdiction but allowed the defendant ten days to file a proper notice of appeal. Id.

The defendant timely filed the notice of appeal and then subsequently sought the appointment of counsel in this court. A panel of this court remanded to the circuit court for the appointment of counsel for the appeal. See id. (Tenn. Crim. App. Oct. 10, 2003) (order). The circuit court appointed counsel who subsequently filed a brief and presented the oral argument in this court.

## Procedural Analysis

We must first determine whether this is an appeal from the circuit court's order of December 3, 2002, denying the defendant's motion to reinstate his appeal to that court, or whether this is an appeal from the trial court's order of July 24, 2002, which dismissed the defendant's appeal to the circuit court based upon his failure to appear. This determination is significant.

The circuit court's order of dismissal on July 24 became final thirty days later. See State v. Green, 106 S.W.3d 646, 648 (Tenn. 2003). Generally, a trial court has no power to alter its judgment once it becomes final. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Thus, the circuit court's order of dismissal had become final prior to the filing of the defendant's motion to reinstate his appeal. We conclude the defendant is not entitled to relief from the circuit court's order of December 3 denying the motion to reinstate.

Thus, we proceed to determine whether an appeal to this court lies from the July 24 order dismissing the appeal for his failure to appear in circuit court. A notice of appeal to this court was filed on February 3, 2003, in response to this court's January 24 order. A notice of appeal as a matter of right should be filed within thirty days from the judgment or order that is the subject of the appeal. Tenn. R. App. P. 4(a). Therefore, the February 3, 2003, notice of appeal was untimely as it relates to an appeal of the July 24, 2002, dismissal. However, this court may waive the timely filing of the notice "in the interest of justice." Id. In this case, we waive the timely filing of the notice of appeal. Accordingly, we will review the trial court's order of July 24 dismissing the defendant's appeal from the general sessions court based upon his failure to appear in the circuit court.

**Dismissal for Failure to Appear**

This court has concluded that an appeal by a defendant from general sessions court "should not be dismissed merely because a defendant is one hour late for court." State v. Winebarger, 70 S.W.3d 99, 102 (Tenn. Crim. App. 2001). The state argues the case at bar is distinguishable from Winebarger because, here, the defendant did not appear at all. We agree; however, we discern a more fundamental problem in the case at bar.

The defendant had a right to counsel in his appeal to the circuit court. See Tenn. Code Ann. §§ 40-14-101, 102; Tenn. Sup. Ct. R. 13 § 1(c). If the defendant was indigent, he had a right to appointed counsel. Tenn. Code Ann. § 40-14-103(a); Tenn. Sup. Ct. R. 13 § 1(d)(1). Appointed counsel in the general sessions court must continue to act for the defendant throughout the proceedings in that court "and in any subsequent proceedings or appeals until the case has been concluded or counsel has been relieved by the court." Tenn. Sup. Ct. R. 13 § 1(i). Any waiver of the right to counsel should be in writing. Tenn. R. Crim. P. 44(a).

The defendant had appointed counsel in general sessions court. Although the record is sparse, it does not reflect a subsequent waiver of the right to counsel. The notice sent by the circuit judge's administrative assistant to the defendant to appear on July 24 does not reflect that a copy was sent to appointed counsel. Further, the record does not indicate that appointed counsel moved to withdraw from representation, nor does the record show appointed counsel was relieved from representation.[1]

---

[1] This court recognizes the possibility that appointed counsel had at some point been relieved from further representation. We have thoroughly combed the record to find such an order and have found none. We also recognize that the general sessions court is not a court of record and that it is possible the general sessions court took some action relating to counsel. Regardless, this court can only decide cases based upon the record before us. We may not speculate

(continued...)

<u>See</u> Tenn. Sup. Ct. R. 13 § 1(i). Although the notice to the defendant advised him of his right to "retain an attorney," it made no mention of the right to appointed counsel if the defendant were indigent. Furthermore, there is no indication the public defender received notice of or appeared at the July 24 setting. Although a copy of the order dismissing the appeal reflects service upon the state and the defendant personally, it does not reflect service on the public defender. In short, the record is devoid of any evidence that the defendant's appointed counsel in the general sessions court was in any way or at any time involved in the circuit court proceedings.

Accordingly, we reverse the judgment of the circuit court and remand for further proceedings. The defendant's appeal to the circuit court is reinstated. The circuit court shall initially determine whether the defendant is indigent and, if it so finds, appoint counsel for the defendant.

_____

JOHN EVERETT WILLIAMS, JUDGE

---

[1](...continued)
as to what might or might not have occurred. This is particularly true when addressing an issue involving the constitutional right to counsel.