IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 2, 2004 Session

## STATE OF TENNESSEE v. DONNIE MOORE

**Direct Appeal from the Circuit Court for Carroll County**
**No. 03cr-81     C. Creed McGinley, Judge**

---

**No. W2003-01581-CCA-R3-CD  - Filed July 12, 2004**

---

The Appellant, Donnie Moore, appeals from the ruling of the Carroll County Circuit Court, which found that Moore violated the conditions of probation imposed by the Carroll County General Sessions Court. Following a hearing, the general sessions court partially revoked Moore's probation and ordered him to serve ninety days in jail. Moore appealed to the Carroll County Circuit Court. The circuit court agreed that Moore had violated the terms of his probation and remanded the case to the general sessions court for enforcement of the sentence. On appeal, Moore argues that the circuit court erred by failing to conduct a *de novo* review of the sentence imposed by the general sessions court and that his sentence was the result of vindictive prosecution. Because the circuit court failed to review Moore's sentence following revocation of his probation, we remand the case to the circuit court for that limited purpose.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed in Part; Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, J.J., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the Appellant, Donnie Moore.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Michael Markham, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On May 9, 2002, the Appellant was placed on probation for eleven months and twenty-nine days by the Carroll County General Sessions Court after he pled guilty to misdemeanor possession of schedule IV drugs and drug paraphernalia. On March 6, 2003, a probation violation warrant was issued, alleging that the Appellant had been arrested for new drug charges and driving offenses. On

April 3, 2003, the Carroll County General Sessions Court entered an order partially revoking the Appellant's probation and ordering him to serve ninety days in jail, after which his probation was to be reinstated. The Appellant appealed this order to the Carroll County Circuit Court.

On May 12, 2003, a hearing was held in the circuit court. The Appellant's probation officer, Laurie Scott, testified that, while the Appellant was serving his sentence of probation, he pled guilty to driving on a revoked license and possession of schedule II drugs, schedule IV drugs, and drug paraphernalia. Following Scott's testimony, the circuit court concluded, "The Court finds he's violated the terms and conditions of his probation. He'll be remanded back for enforcement of the sentence." This timely appeal followed.

## ANALYSIS

The Appellant argues that the circuit court erred by not conducting a *de novo* review of the ninety-day period of confinement ordered by the general sessions court or considering other sentencing options which would be available to the Appellant following revocation of his probation. He does not challenge the grounds supporting revocation.

Tennessee Code Annotated section 27-5-108(a) (Supp. 2003) provides that "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days[.]" Subsection (c) states that such an appeal "shall be heard *de novo* in the circuit court." Tenn. Code Ann. § 27-5-108(c).

In *State v. Cunningham*, 972 S.W.2d 16 (Tenn. Crim. App. 1998), the defendant's probation was revoked by the Municipal Court of Jackson, Tennessee. The defendant appealed the revocation to the Circuit Court of Madison County, and the circuit court affirmed the municipal court's judgment without conducting a *de novo* hearing. A panel of this court reversed and remanded the case to the circuit court for a *de novo* probation revocation hearing. In doing so, our court stated that "[i]n a *de novo* review, 'the parties are entitled to a reexamination of the whole matter of law and fact.'" *Id.* at 18 (quoting *Richards v. Taylor*, 926 S.W.2d 569, 570 (Tenn. App. 1996)). The circuit court is not concerned with what took place in the lower court; instead, "the matter is tried as if no other hearing had occurred." *Id.* (citing *Hohenberg Bros. Co. v. Mo. Pac. R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. App. 1979)). In other words, "[a] *de novo* hearing encompasses more than just the presentation of proof." *Id.* The court must try the matter "as if no judgment had previously been rendered." *Id.* This includes "a consideration of the various sentencing options if there is a finding that the defendant violated the terms and conditions of probation." *Id.*

In this case, the circuit court failed to conduct any review of the sentence imposed by the general sessions court and did not re-examine available sentencing options. Rather, the court simply stated that the Appellant had violated the conditions of his probation and remanded the case to the general sessions court for enforcement of the sentence. Under *Cunningham*, the Appellant is entitled to have this case remanded to the circuit court for the limited purpose of having the court conduct a *de novo* review of his sentence following revocation.

The Appellant also argues that his ninety-day sentence is the product of vindictive prosecution. This issue is rendered moot by our remand for a *de novo* sentencing hearing; nonetheless, by failing to prepare an adequate record, the Appellant has waived appellate review at this time. The Appellant's contention hinges on his bare allegation that other defendants in similar cases have been required to serve only ten days in jail upon their probation being partially revoked. The Appellant has failed to include any evidence of these other cases in the record. It is the duty of the Appellant to prepare any adequate record in order to allow meaningful review on appeal. *See* Tenn. R. App. P. 24(b); *State v. Max*, 714 S.W.2d 289, 293 (Tenn. Crim. App. 1986) (statements in briefs as to what occurred in the trial court cannot be considered unless they are supported by the record).

## CONCLUSION

Based upon the foregoing, this case is remanded to the Carroll County Circuit Court for the purpose of conducting a *de novo* review of the Appellant's sentence following revocation and entry of an order of disposition of the same.

_____
DAVID G. HAYES, JUDGE