## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### APRIL 1998 SESSION

FILED

April 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9709-CC-00336 |
| Appellee, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| LARRY CUNNINGHAM, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |


FOR THE APPELLANT:

GEORGE MORTON GOOGE
District Public Defender

MICHAEL RASNAKE (at hearing)
Assistant Public Defender
227 W. Baltimore Street
Jackson, TN 38301-6137

JOHN E. HERBISON (on appeal)
2016 Eighth Avenue South
Nashville, TN 37204-2202


FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

JANIS L. TURNER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JAMES G. WOODALL
District Attorney General

LAWRENCE E. NICOLA
Assistant District Attorney General
225 Martin Luther King, Jr. Dr.
P.O. Box 2825
Jackson, TN 38302-2825


OPINION FILED: _____


REVERSED AND REMANDED


JOE G. RILEY,
JUDGE

**OPINION**

The defendant, Larry Cunningham, appeals the Madison County Circuit Court's order affirming the revocation of his probation by the Municipal Court of Jackson, Tennessee. The defendant contends the trial court erred in not hearing his appeal from municipal court *de novo*. We agree with the defendant, reverse the revocation, and remand to the trial court to conduct a *de novo* review.

## PROCEDURAL HISTORY

The defendant pled guilty in the Municipal Court of Jackson, Tennessee, to one (1) count of assault and one (1) count of resisting arrest. He received consecutive sentences of eleven (11) months, twenty-nine (29) days, and was fined $100 for each offense. The sentences were suspended except for five (5) days on the resisting arrest charge.

The defendant's probation officer subsequently filed a violation report, and the municipal court revoked the defendant's probation. The defendant timely filed an appeal to the Circuit Court, which affirmed the revocation. The Circuit Court specifically declined to consider the revocation *de novo*, but rather utilized an abuse of discretion standard. The Circuit Court order "affirmed" the revocation finding that the municipal court "did not abuse its discretion nor act arbitrarily or capriciously by terminating the defendant's probation . . ."

## ANALYSIS

The defendant contends the Circuit Court denied him his right to a *de novo* hearing. Although the state concedes the defendant was entitled to a *de novo* hearing, it contends the defendant in fact received a *de novo* hearing.

2

When a defendant has been arrested and charged with a probation violation, he has a right to a hearing where counsel may represent him and introduce testimony on his behalf. Tenn. Code Ann. § 40-35-311(b). If the court finds by a preponderance of the evidence that the defendant violated the conditions of his probation and reinstates his sentence, the defendant has the right to appeal the judgment. Tenn. Code Ann. § 40-35-311(d). The court to which the defendant appeals is determined by which court heard the revocation proceeding. When a defendant is dissatisfied with a judgment received in a municipal court, as is this defendant, the defendant may appeal the judgment to the Circuit Court subject to the same terms and restrictions as an appeal from general sessions court. Tenn. Code Ann. § 27-5-102. Appeals from general sessions court "shall be heard *de novo* in the circuit court." Tenn. Code Ann. § 27-5-108(c).

The Municipal Court of Jackson has state criminal jurisdiction. An appeal from that court for the revocation of a suspended sentence goes to the Circuit Court for a *de novo* hearing. State v. Parrish, 598 S.W.2d 840, 841 (Tenn. Crim. App. 1980); State v. Gerald Bates, C.C.A. No. 01C01-9101-CR-00006, Sumner County (Tenn. Crim. App. filed June 28, 1991, at Nashville). In a *de novo* review, "the parties are entitled to a reexamination of the whole matter of law and fact." Richards v. Taylor, 926 S.W.2d 569, 570 (Tenn. App. 1996). The Circuit Court is not concerned with what took place in the lower court; the matter is tried as if no other hearing had occurred. Hohenberg Bros. Co. v. Missouri Pac. R.R. Co., 586 S.W.2d 117, 119 (Tenn. App. 1979).

A *de novo* hearing encompasses more than just the presentation of proof. The court must try the matter and render judgment as if no judgment had previously been rendered. It is, therefore, incumbent upon the Circuit Court hearing a probation revocation appeal to make an independent judgment following the presentation of proof. This would include a consideration of the

3

various sentencing options if there is a finding that the defendant violated the terms and conditions of probation. Merely reviewing the judgment of the municipal court for abuse of discretion does not satisfy the requirements of the statute.

The written order of the Circuit Court reflects that "grounds exist and were proven which demonstrate the defendant violated the terms and conditions of his Municipal Court probation . . ." The state contends this satisfies the requirement for a *de novo* hearing. However, our reading of the hearing transcript clearly reveals that the Circuit Court did not rule upon the matter as if no hearing had occurred in the municipal court. The trial court clearly applied an abuse of discretion standard and "affirmed" the revocation by the municipal court.

Accordingly, we REVERSE AND REMAND this case to the Circuit Court of Madison County for a *de novo* probation revocation hearing.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**WILLIAM M. BARKER, JUDGE**

4