IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 11, 2002 Session

## STATE OF TENNESSEE v. PATTY FRANCINE GRISSOM

**Direct Appeal from the Circuit Court for Warren County**
**No. M8690    Charles Haston, Judge**

_____

**No. M2002-00279-CCA-R3-CD - Filed June 18, 2003**

_____

The appellant, Patty Francine Grissom, was convicted of the simple possession of a Schedule II controlled substance and she received a probationary sentence of eleven months and twenty-nine days. Subsequently, the trial court revoked the appellant's probation upon finding that she had possessed drugs and drug paraphernalia while on probation. On appeal, the appellant raises several issues concerning her probation revocation. Upon reviewing the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Patty Francine Grissom, McMinnville, Tennessee, Pro se (on appeal); and Keith S. Smartt, McMinnville, Tennessee and J. Hilton Conger, Smithville, Tennessee (at trial), for the appellant, Patty Francine Grissom.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Dale Potter, District Attorney General; and Thomas J. Minor, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On August 8, 2000, the appellant was convicted of the simple possession of methamphetamine. The trial court imposed a sentence of eleven month and twenty-nine days in the Warren County jail. The trial court suspended the sentence and granted the appellant a term of probation. In October 2000, the appellant violated her probation by testing positive for the use of amphetamine. After a hearing on November 21, 2000, the appellant was sentenced to ten days incarceration for the violation and was again placed on probation.

Thereafter, on January 25, 2001, another probation revocation warrant was issued, alleging that the appellant had been charged with possessing drugs and drug paraphernalia on January 20, 2001. A probation revocation hearing was held in the Warren County General Sessions Court. Immediately prior to the revocation hearing, the appellant moved to have the evidence obtained after a search of her vehicle suppressed.

Regarding the suppression, "K-9" Officer Dewayne Jennings with the McMinnville Police Department testified that on January 20, 2001, he stopped a vehicle driven by the appellant after noticing that the vehicle had a broken brake light. The appellant was accompanied by Russell Eaton, who was sitting in the passenger seat. Officer Jennings requested identification from both the appellant and Eaton, and returned to his vehicle to "run" the identifications. While the information was being processed, Officer Jennings obtained his drug dog and led it around the appellant's vehicle. The dog alerted on the passenger side of the vehicle. Officer Jennings asked the appellant and Eaton to exit the vehicle and he instigated a search of the vehicle. Officer Jennings opined that the entire stop lasted two minutes or less. He testified that the dog was on a leash and never out of his physical control during the entire stop.

Russell Eaton testified that on January 20, 2001, the appellant was driving his Chevrolet Blazer in which he was a passenger. They were stopped by Officer Jennings because the vehicle had a broken brake light. The officer obtained their identification and asked them to exit the vehicle. Officer Jennings retrieved his dog and brought it to the vehicle, but the dog ran away before it could sniff around the vehicle. Eaton testified that Officer Jennings and another officer searched the vehicle without the dog ever alerting on the vehicle and without the consent of Eaton or the appellant.

Next, the court watched a videotape Officer Jennings made of the stop.[1] Based upon the testimony and the videotape, the general sessions court denied the appellant's motion to suppress. The State recalled Officer Jennings to the stand to present further proof in support of the probation revocation.

Officer Jennings testified that during the search of the vehicle, he discovered a purse in the area of the vehicle between the appellant and Eaton. The purse contained a glass pipe of the kind used to smoke methamphetamine, a large quantity of 1"x1" plastic bags, a heating torch, and a small plastic spoon. Inside the purse, Officer Jennings also discovered a black magic marker containing a 1"x1" plastic bag containing a white powder residue. The bag with the white powder was sent to the Tennessee Bureau of Investigation (TBI) crime laboratory for analysis. The analysis confirmed that the white substance was methamphetamine, but the weight of the substance inside the bag could not be determined because of the small amount.

---

[1] This videotape was not included in the record for our review.

Officer Jennings asserted that the appellant was the only female inside the vehicle. He could not recall if there was any identification in the purse which would confirm that it belonged to the appellant; however, he testified that "I think she did say it was her purse. I'm not for sure."

The general sessions court found, by a preponderance of the evidence, that the appellant had violated her probation by possessing drugs and drug paraphernalia. Accordingly, on July 19, 2001, the general sessions court issued an order mandating that the appellant serve sixty days in confinement and the remainder of her sentence on probation. The order also extended the appellant's probation an additional six months because of the violation, making the appellant's new release date January 29, 2002. The appellant appealed this ruling to the Warren County Circuit Court.

At the circuit court, Officer Jennings once again testified that he had stopped the appellant on January 20, 2001, because the vehicle had a broken brake light. While processing her identification, he ran his drug dog around the perimeter of the vehicle. After the dog alerted on the vehicle, Officer Jennings ushered the appellant and Eaton out of the vehicle. Officer Jennings also noticed a third person sitting in the back seat of the vehicle and he asked this individual to also exit the vehicle. Officer Jennings and Officer Ryan Moore proceeded to search the vehicle wherein Officer Jennings discovered a woman's purse containing drug paraphernalia and a plastic bag with methamphetamine residue. Officer Jennings testified that the purse was located on the console between the driver's seat, where the appellant was sitting, and the front passenger seat, where Eaton was sitting. Officer Jennings asserted that the appellant was the only female in the vehicle.

Officer Jennings noted that following the appellant's arrest, the purse was taken to the Warren County Jail along with other personal property belonging to the appellant. When the appellant left the jail, she signed a property receipt acknowledging the return of her property, including the purse.

Jennifer Craighead, a probation officer with PSI, testified that she was the appellant's probation officer. She related the appellant's prior probation revocation, which violation occurred on November 21, 2000, and she asserted that the appellant had in all other ways complied with the terms of her probation. Specifically, Craighead noted that the appellant had paid all of her court costs, passed all drug tests since November 21, 2000, and had reported her arrests.

Based upon the foregoing proof, the circuit court found that the State had proved by a preponderance of the evidence that the appellant had violated her probation. Subsequently, on January 1, 2002, the circuit court issued a revocation order extending the appellant's probationary sentence and also ordered the appellant to serve sixty days in confinement before returning to probation. The order reflects that the appellant "was taken into custody by the Warren County Sheriff's Department, on January 25, 2002."

The appellant appealed to this court raising the following issues: (1) "[w]hether the trial court erred in relying upon improper facts in concluding that law enforcement agents had

sufficient information to produce a reasonable suspicion that appellant has or was engaging in criminal activity so as to support an investigatory stop or probable cause to support a search or an arrest"; (2) "[w]hether the trial court erred in failing to ensure the reliability of the canine by an appropriate finding of fact thereby lacking sufficient information to make a fully independent determination of probable cause"; (3) "[w]hether the trial court abused its discretion in failing to establish the 'minimum requirements of due process' in a revocation of probation proceeding thereby depriving appellant of her fundamental due process protections"; (4) "[w]hether the evidence supported the trial court's finding that appellant had violated her terms of probation by committing the offenses of possession of schedule II and possession of drug paraphernalia"; and (5) "[w]hether the trial court had the authority to order appellant to continue her supervised probation pending this appeal."

## II. Analysis
### A. Motion to Suppress

In her brief, the appellant summarizes her first issue by stating that "the trial court should have conducted an evidentiary hearing before denying her motion to suppress" the contraband discovered in the vehicle. In her response to the State's brief, the appellant argued in a reply brief that she "did raise objections regarding propriety of the search and reliability of [the] K-9 unit during the course of testimony in General Sessions Court."

Tennessee Code Annotated section 27-5-108(a)(1) (2000) provides that "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." Such appeal "shall be heard de novo in the circuit court." Id. at (c). Upon de novo review, "[t]he Circuit Court is not concerned with what took place in the lower court; the matter is tried as if no other hearing had occurred." State v. Cunningham, 972 S.W.2d 16, 18 (Tenn. Crim. App. 1998). Notably, "[a] *de novo* hearing encompasses more than just the presentation of proof. The court must try the matter *and render judgment* as if no judgment had previously been rendered." Id. (emphasis in original).

The record reveals that the general sessions court held an evidentiary hearing on the appellant's motion to suppress. As a result of the proof presented, the court concluded that the stop and search were valid. There is no indication in the record that the appellant raised this issue in the circuit court. As we noted, when the appellant appealed her probation revocation to the circuit court, the "matter was tried as if no other hearing had occurred"; accordingly, in order to properly raise the issue, the appellant was required to file a motion to suppress the evidence in the circuit court. The appellant filed no such motion. Therefore, because the appellant did not object in the circuit court to the stop or search, the appellant has waived this issue. See Tenn. R. Crim. P. 12(f); see also State v. Clark, 67 S.W.3d 73, 76 (Tenn. Crim. App. 2001).

### B. Reliability of Canine

As her second issue, the appellant claims that the "trial court erred in failing to ensure the reliability of the canine" in compliance with the dictates of State v. England, 19 S.W.3d 762 (Tenn. 2000). In England our supreme court concluded that a finding of probable cause for the

search of a vehicle "should turn on the reliability of the canine and that the trial court should ensure that the canine is reliable by an appropriate finding of fact." Id. at 768. However, without examining the merits of the appellant's complaint, we note that she failed to object in the circuit court to the reliability of the drug dog's performance. Accordingly, this issue is likewise waived. See Tenn. R. Crim. P. 12(f); see also State v. Wilson, 611 S.W.2d 843, 846 (Tenn. Crim. App. 1980).

## C. Due Process

The appellant next argues that "the trial court abused its discretion in failing to establish the 'minimum requirements of due process' in a revocation of probation proceeding." The United States Supreme Court has observed that "[p]robationers have an obvious interest in retaining their conditional liberty, and the State also has an interest in assuring that revocation proceedings are based on accurate findings of fact and, where appropriate, the informed exercise of discretion." Black v. Romano, 471 U.S. 606, 611, 105 S. Ct. 2254, 2257 (1985); see also State v. Jackie D. Ozier, No. W1999-01478-CCA-R3-CD, 2000 WL 351375, at *2 (Jackson, Apr. 4, 2000) (stating "a defendant who is granted probation has a liberty interest and is entitled to due process before any revocation"). To ensure the "minimum requirements of due process" necessary prior to a probation revocation hearing, the following requirements must be met:

> "(a) written notice of the claimed violations of (probation or) parole;
> (b) disclosure to the (probationer or) parolee of evidence against him;
> (c) opportunity to be heard in person and to present witnesses and documentary evidence;
> (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
> (e) a 'neutral and detached' hearing body . . . ; and
> (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972)).

In the appellant's brief, she quoted the aforementioned provision and stated, "[u]pon review of the Transcripts from both trial courts in this matter it is clear that the same were prejudiced and biased toward the appellant and that all of the above requirements were not met in regard to revocation of her probation." In her reply brief, the appellant contends that she was denied a neutral and detached hearing body, complaining that "statements made by Jennifer Craighead, Judge Ross, and Judge Haston were definitely bias against the Defendant. Judge Ross even went s[o] far as to remark 'he had never seen anybody who tried harder to violate her probation.'"

Although the record before this court is limited, we see no evidence to support the appellant's claim. The appellant's complaints regarding Judge Ross, the general sessions judge, are unfounded. At the conclusion of the general sessions probation revocation hearing, Judge Ross commented that "[t]her is no one hardly who has tried any harder to get their probation violated than

[the appellant]." We conclude that this was simply a comment on the evidence before the court, not a demonstration of bias.

Moreover, as we earlier noted, when the appellant appealed her probation revocation to the circuit court, the circuit court proceeding became an entirely new proceeding. See Cunningham, 972 S.W.2d at 18; see also Tenn. Code Ann. § 27-5-108(c). The appellant has made no citations to the record to indicate which comments by Judge Haston were offensive, and, from our review of the record, we find no demonstrations of bias against the appellant. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). Additionally, we observe that any statements made by Cunningham, the appellant's probation officer, would not serve to demonstrate that the hearing body, in this case the circuit court, was not neutral and detached. This issue is without merit.

### D. Sufficiency of the Evidence

Upon finding by a preponderance of the evidence that the appellant has violated the terms of her probation, a trial court is authorized to order an appellant to serve the balance of her original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(d) (1997); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

The appellant argues that "[t]here was no proof introduced in this matter that appellant had control or ownership of any items located in the vehicle she was driving." At the probation revocation hearing in Circuit Court, the State introduced the testimony of Officer Jennings. He testified that the appellant was driving the vehicle, Eaton was in the passenger seat, and a third, male individual was in the back seat. The appellant was the only female in the vehicle.

Officer Jennings found a purse on the console between the driver's seat and the passenger seat. The purse contained a glass pipe, a large quantity of 1"x1" plastic bags, a heating torch, a small plastic spoon, and a black magic marker containing a 1"x1" plastic bag which had white powder residue inside. The TBI crime laboratory analyzed the white residue and it tested positive for methamphetamine. Additionally, Officer Jennings explained:

> I've commonly seen the one by one baggies that contain narcotics.
> That's also what the narcotics were in when I found them in the
> marker. The pipe, I've commonly seen it used to smoke
> methamphetamine with, and the heating torch to heat the pipe.

The purse was included among the appellant's property at the Warren County Jail. Upon her release from jail, the appellant signed a return of property form which listed the purse. The form stated that "I hereby agree to the above listed items as being mine and have been returned to me by the Warren County Sheriff Dept." The probation revocation warrant issued against the appellant states that she

-6-

violated "Rule #1" of her probation by violating a law of this state. See Tenn. Code Ann. § 39-17-418 (1997) (providing that simple possession of a controlled substance, such as methamphetamine, is prohibited); Tenn. Code Ann. § 39-17-425 (1997) (explaining that it is unlawful to possess drug paraphernalia). Based upon the foregoing, we conclude that the trial court did not err in finding that the State had proven by a preponderance of the evidence that the appellant had violated her probation.

### E. Probation and Bond

As her final issue, the appellant questions "[w]hether the trial court had the authority to order appellant to continue her supervised probation pending this appeal." Specifically, the appellant states that "the trial court both allowed the appellant to remain on bail pending appeal and required her to 'remain on supervised probation.'" We acknowledge that "the trial court does not have authority to require the defendant to remain on supervised probation during the appeal *unless* reporting to a probation officer is a condition of bail." State v. Sandra Brown, No. M2000-00792-CCA-R3-CD, 2001 WL 1094940, at *3 (Tenn. Crim. App. at Nashville, Sept. 19, 2001) (emphasis in original).

However, as the State correctly notes, the record is unclear as to the appellant's status pending appeal. The revocation order issued by the circuit court indicates that the appellant "was taken into custody by the Warren County Sheriff's Department, on January 25, 2002." The record also contains a handwritten note which is signed by a bonding agent and is dated January 29, 2002, stating, "I agree to remain on the bond for [the appellant] until the appeal is over." There is nothing in the record which indicates that the appellant was required to remain on supervised probation while on bond pending appeal. "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the circuit court.

_____
NORMA McGEE OGLE, JUDGE