IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 2, 2004 Session

## STATE OF TENNESSEE v. TIMOTHY ELLIS BALLARD

**Direct Appeal from the Circuit Court for Carroll County**
**No. 03CR-80     C. Creed McGinley, Judge**

**No. W2003-01593-CCA-R3-CD  - Filed July 8, 2004**

The Defendant, Timothy Ellis Ballard, was found to have violated the conditions of his probation by the General Sessions Court of Carroll County. The general sessions court partially revoked the Defendant's probation and ordered him to serve ninety days in jail. The Defendant appealed. After a hearing, the Carroll County Circuit Court agreed that the Defendant had violated the terms of his probation and remanded the case to the general sessions court for enforcement of the sentence. In this appeal, the Defendant argues that the circuit court erred by failing to conduct a de novo review of the sentence imposed by the general sessions court and that his sentence was the product of vindictive prosecution. Because the circuit court failed to address the sentencing options following probation revocation, we remand the case to the circuit court for that purpose.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in Part; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Timothy Ellis Ballard.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 18, 2002, the Defendant was placed on probation for eleven months and twenty-nine days after he pled guilty to driving under the influence. On August 8, 2002, a probation violation warrant was issued alleging that the Defendant had been arrested for DUI, violation of the implied consent law, child endangerment, and driving on a revoked license. On April 3, 2003, the Carroll County General Sessions Court entered an order partially revoking the Defendant's probation

and ordering the Defendant to serve ninety days in jail, after which his probation would be reinstated. The Defendant appealed this order to the Carroll County Circuit Court.

Laurie Diane Scott, who oversees all the supervised probation cases from the general sessions court of Carroll County, testified before the circuit court that, while he was serving his sentence of probation, the Defendant pled guilty to DUI and driving on a revoked license. Therefore, she filed a probation violation warrant against him. On cross examination, Ms. Scott testified that she was "sure" she had been involved in similar cases in general sessions court where the defendants were partially revoked and ordered to serve only ten days in jail. She did not know why in this case the Defendant was ordered to serve ninety days in jail.

The circuit court found that the Defendant had violated the terms of his probation by receiving new criminal convictions. The court then remanded the case to general sessions court for enforcement of the sentencing order. The Defendant appealed the circuit court's judgment to this Court.

The Defendant first argues that the circuit court erred by not conducting a de novo review of the sentencing options following revocation of his probation. An appeal from a general sessions court decision shall be heard de novo in the circuit court. See Tenn. Code Ann. § 27-5-108(c). "A de novo hearing encompasses more than just the presentation of proof." State v. Cunningham, 972 S.W.2d 16, 18 (Tenn. Crim. App. 1998). A de novo hearing includes "a consideration of the various sentencing options if there is a finding that the defendant violated the terms and conditions of probation." Id.

In this case, the circuit court failed to conduct any review of the sentence imposed by the general sessions court and did not re-examine available sentencing options. Rather, the court simply stated that the Defendant had violated the conditions of his probation, and remanded the case to the general sessions court for enforcement of the sentence. Therefore, the Defendant is entitled to have this case remanded to the circuit court for the limited purpose of having the court conduct a de novo review of his sentence. In a de novo review, the trial court "is not concerned with what took place in the lower court; the matter is tried as if no other hearing had occurred." Id.

The Defendant also argues that his sentence is the product of vindictive prosecution. The Defendant's contention hinges on his bare allegation that other defendants in similar cases had to serve only ten days in jail upon their probation being partially revoked. However, the Defendant has failed to include any evidence of these other cases in the record. It is the duty of the appellant to have prepared an adequate record in order to allow meaningful review on appeal. See Tenn. R. App. P. 24(b); see also State v. Max, 714 S.W.2d 289, 293 (Tenn. Crim. App. 1986) ("Statements in briefs as to what occurred in the trial court cannot be considered unless they are supported by the record."). Thus, by failing to prepare an adequate record, the Defendant has waived appellate review of this issue.

The case is remanded to the circuit court for the purpose of conducting a <u>de novo</u> review of the sentencing options available for the Defendant and entry of an order of disposition of same.

_____

DAVID H. WELLES, JUDGE