IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 21, 2010

**STATE OF TENNESSEE v. CHAD ALLEN KIRK**

**Appeal from the Circuit Court for Blount County**
**No. C-18821     David R. Duggan, Judge**

**No. E2010-01042-CCA-R3-CD - Filed April 13, 2011**

The Defendant, Chad Allen Kirk, pled guilty to one count of driving on a suspended license, a Class B misdemeanor, in the Blount County General Sessions Court. See Tenn. Code Ann. § 55-50-504(a)(1). The General Sessions Court sentenced the Defendant to six months with 75 percent of the sentence to be served in confinement. The Defendant appealed the decision to the Blount County Circuit Court, which dismissed the appeal and remanded the case back to the General Sessions Court for execution of the judgment. In this appeal as of right, the Defendant contends that the Circuit Court failed to conduct a de novo review of the sentence. Following our review, we reverse the decision of the Circuit Court and remand the case for a new sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed;**
**Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Raymond Mack Garner, District Public Defender; Tiffany L. Deaderick, Assistant Public Defender (at trial); and J. Liddell Kirk, Knoxville, Tennessee (on appeal), for the appellant, Chad Allen Kirk.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tammy M. Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 29, 2010, the Defendant was arrested for driving on a suspended license. On April 6, 2010, the Defendant pled guilty to the charge, and the General Sessions Court

sentenced him to six months with 75 percent to be served in confinement. The Defendant timely appealed to the Circuit Court, and a hearing concerning the matter was held on May 10, 2010. At the hearing, the only evidence produced was a copy of the Defendant's driving record, which showed that his license was suspended by the Juvenile Court in 2002 for a truancy violation. Both parties stipulated that the Defendant was eligible to have his license reinstated in 2004. Both parties also stipulated that the Defendant had two prior convictions: a 2007 conviction for aggravated burglary and a 2004 conviction for joyriding. The Defendant served a three-year sentence for the aggravated burglary conviction, which ended on October 17, 2009.

The Circuit Court made the following ruling:

> This is a misdemeanor, it's here on appeal. There is no presentence report. The Court cannot find, based upon this proof, that the sentence imposed by the Blount County General Sessions Court was unreasonable or excessive. Now, I know I'm not sitting here to review what that judge did. It's a de novo hearing. But I am making the point that I don't have anything in front of me that suggests that it's an unreasonable sentence. It's the maximum sentence, I understand that. But we also have before us the fact that [the Defendant] was driving on a suspended sentence not very long after having flattened a sentence on an aggravated burglary.
>
> I'm not comfortable, on this proof, finding that what the Sessions Court did was an unreasonable or excessive sentence. Accordingly, I'm going to deny the appeal and I'm going to remand the matter to the Sessions Court for enforcement of the Court's judgment.

## ANALYSIS

The Defendant contends that the Circuit Court, instead of conducting a de novo review, "confer[ed] a presumption of correctness upon" the General Sessions Court's decision. The State responds that the Circuit Court made a de novo decision regarding the Defendant's sentence and that it "considered the appropriate factors, based on the available evidence, in calculating" the Defendant's sentence.

Appeals from general sessions court "shall be heard de novo in the circuit court." Tenn. Code Ann. § 27-5-108(c). A de novo review entitles the parties "to a reexamination of the whole matter of law and fact" with the circuit court "not concerned with what took place in the lower court; the matter is tried as if no other hearing had occurred." State v. Cunningham, 972 S.W.2d 16, 18 (Tenn. Crim. App. 1998). A de novo review requires the

circuit court "to make an independent judgment following the presentation of proof." Id. Merely reviewing the general session court's judgment "for abuse of discretion does not satisfy the requirements of the statute." Id. In essence, a perfected appeal from the general sessions court to the circuit court abrogates the judgment of the general sessions court. Roberts v. State, 367 S.W.2d 480, 481 (Tenn. 1963). Accordingly, the circuit court must enter a new judgment after making an independent review of the law and facts of the case. Because the circuit court must enter a new judgment, it cannot remand the case to the general sessions court for enforcement of its judgment. See Tenn. Op. Atty. Gen. 01-079 (Sept. 14, 2001).

The Circuit Court did not independently determine the appropriate sentence for this offense but instead required the Defendant to present proof "that what the Sessions Court did was an unreasonable or excessive sentence." Instead of entering a new judgment, the Circuit Court "affirmed" the General Sessions Court's sentence and remanded the case for enforcement of the General Sessions Court's judgment. Once the Defendant perfected his appeal to the Circuit Court, the General Sessions Court's judgment was abrogated; therefore, the Circuit Court had to enter and enforce a new, independently determined judgment. Accordingly, we reverse the Circuit Court's decision and remand the case for a new sentencing.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the Circuit Court is reversed. The Defendant's case is remanded for a new sentencing.

_____
D. KELLY THOMAS, JR., JUDGE