# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 19, 2013

## STATE OF TENNESSEE v. LORENZOE LANDELL WILSON

**Appeal from the Circuit Court for Robertson County**
**No. 74CC2-2012-CR-392       Michael R. Jones, Judge**

---

**No. M2012-02126-CCA-R3-CD - Filed June 28, 2013**

---

The Defendant-Appellant, Lorenzoe Landell Wilson, appeals the Robertson County Circuit Court's imposition of consecutive sentences of eleven months and twenty-nine days in confinement for his vandalism conviction in case number 117014 and eleven months and twenty-nine days, with 180 days to be served in confinement and the balance of the sentence to be served on probation, for his assault conviction in case number 118034. These sentences were imposed by the circuit court after it revoked Wilson's probation in these cases. Wilson also appeals the Robertson County Circuit Court's imposition of a suspended sentence of eleven months and twenty-nine days for his second assault conviction in case number 118603, which the court ordered to be served consecutively to the aforementioned sentences. On appeal, Wilson argues: (1) the circuit court wholly departed from the sentencing act when sentencing him for the second assault conviction, and (2) the circuit court, in revoking his probation, erred in failing to restart his probation anew, given his ability to comply with the terms of probation. Upon review, we affirm the judgment of the circuit court but remand the case for entry of a corrected judgment showing that the percentage of service for the sentences in case numbers 118034 and 118603 is zero percent.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgment**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and JEFFREY S. BIVINS, JJ., joined.

Roger E. Nell, District Public Defender; Timothy J. Richter, Assistant Public Defender, for the Defendant-Appellant, Lorenzoe Landell Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel W. Harmon, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Jason C. White, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Wilson was charged in case number 117014 with vandalism of property valued at more than $500 but less than $1000, a Class E felony, and in case number 118034 with aggravated domestic assault of his girlfriend, a Class D felony, in the Robertson County General Sessions Court. On March 20, 2012, Wilson waived his right to an attorney, entered guilty pleas to the lesser included offenses of vandalism of property valued at $500 or less and assault, Class A misdemeanors, and received two consecutive sentences of eleven months and twenty-nine days, which were suspended, and two fifty dollar fines. In addition, for the assault conviction, the general sessions court ordered him to have a mental evaluation at the Centerstone treatment facility and to follow that facility's recommended treatment plan. On June 5, 2012, a probation violation warrant was issued stating that Wilson had failed to report to his probation officer, had failed to pay his fines, and had failed to attend and/or complete the required mental health treatment program. On June 29, 2012, Wilson was charged in case number 118603 with aggravated domestic assault of his mother, a Class D felony.

On July 10, 2012, Wilson again waived his right to an attorney, admitted to violating the terms of his probation, and entered a guilty plea in case number 118603 to the lesser included offense of assault, a Class A misdemeanor. The general sessions court revoked his probation, ordered the consecutive sentences previously received in case numbers 117014 and 118034 be served at seventy-five percent in the Robertson County Jail, and sentenced Wilson to a third consecutive sentence of eleven months and twenty-nine days at seventy-five percent in the Robertson County Jail in case number 118603. On July 13, 2012, Wilson appealed his sentence to the Robertson County Circuit Court and was subsequently appointed counsel I, 9, 12].

On September 7, 2012, the Robertson County Circuit Court conducted an evidentiary hearing regarding Wilson's appeal. At the conclusion of the hearing, the circuit court affirmed the general sessions court's finding that Wilson violated the terms of his probation in case numbers 117014 and 118034 and affirmed its finding of guilt in case number 118603. The court also affirmed the sentence of eleven months and twenty-nine days at seventy-five percent in the jail in case number 117014 but modified the sentence in case number 118034 to 180 days in confinement with the balance of the eleven-month and twenty-nine-day sentence to be served on supervised probation. Finally, the court modified the sentence in case number 118603 to a suspended sentence of eleven months and twenty-nine days to be served on supervised probation. The court also reinstated the general sessions court's imposition of consecutive sentencing in these three cases.

**September 7, 2012 Circuit Court Hearing.** Darryl Rogers, Wilson's probation officer, testified that he supervised Wilson's probation following Wilson's convictions for vandalism and assault, which resulted in two consecutive suspended sentences of eleven months and twenty-nine days. Officer Rogers stated that on June 5, 2012, he filed a probation violation warrant because Wilson failed to report to him, failed to pay his fines, and failed to provide proof that he attended the required mental health treatment. He said that after he filed the probation violation warrant, Wilson was arrested on the other aggravated assault charge, to which Wilson entered a guilty plea to the lesser included offense of assault. Officer Rogers said that although Wilson claimed that he had attended the required mental health treatment, he never provided him with any written proof from the facility of his attendance. He confirmed that on July 10, 2012, Wilson admitted that he had violated his probation, and the general sessions court sentenced him for his new assault conviction.

On cross-examination, Officer Rogers acknowledged that Wilson reported to him four times before he failed to report to him on May 18, 2012. He said he placed the responsibility for providing documentation from Centerstone on Wilson even though he could have contacted Centerstone about Wilson's attendance. Officer Rogers admitted that he never filed an amended violation of probation warrant after Wilson was charged with the new aggravated assault charge. He said that the general sessions court never consulted him about Wilson's case prior to sentencing him for the probation violation and the new assault conviction.

Wilson, age twenty, admitted that he failed to ask for an attorney until he appealed the sentence he received in general sessions court after his probation was revoked. He said he was under the impression that he had entered guilty pleas to felonies rather than misdemeanors in these cases. Although Wilson asserted that he attended the mental health treatment at Centerstone, he admitted that he never provided any proof of his attendance to Officer Rogers. He said that Officer Rogers told him to go to the treatment facility, give them his name, tell them why he was there, and notify him when he had completed his treatment, which he claimed he did. Wilson added, "[Centerstone] should have to hand out [paperwork] to you . . . for you to have signed . . . you could ask if I went." Wilson asserted that the Centerstone could verify his "name in their records."

Wilson said that he did not report to Officer Rogers on May 18, 2012, because he quit his job because of family "difficulties." He said that he was afraid to report to Officer Rogers without a job because Officer Rogers had told him that he would file a probation violation warrant against him if he became unemployed. Wilson acknowledged that he was sentenced for his guilty plea to the new charge of assault at the same time that he had his hearing on the probation violation warrant. He said he appealed the sentence he received in

general sessions court because he initially believed that the court had sentenced him to two concurrent sentences of eleven months and twenty-nine days rather than three consecutive sentences of eleven months and twenty-nine days in jail with a percentage of service of seventy-five percent. Wilson said he had been in jail for these three cases since June 29, 2012. He said he intended to join the Army.

On cross-examination, Wilson admitted that he committed the three crimes in this case within a period of seven months. He also admitted knowing that the conditions of his probation were that he would not commit any new offenses and that he would have to report to his probation officer. He acknowledged that he never turned himself into the police even though he knew that an arrest warrant had likely issued for his failure to comply with the terms of his probation. Wilson also acknowledged that when the police came to his home because of the domestic disturbance, they arrested him on the probation violation warrant and then charged him with aggravated assault, to which he later entered a guilty plea to misdemeanor assault.

At the end of the hearing, the circuit court asked Wilson how long he had spent in jail as an adult prior to the offenses in this case, and Wilson responded that he had not served any time until he was arrested for these charges. The court said the general sessions court had noted that while Wilson "was out on bond on [the vandalism] case he committed [the aggravated assault crime against his girlfriend], then while he was on probation [for these two offenses,] he committed a much more serious crime [against] his mother." Despite this, the court said that it was "going to give [Wilson] a little bit of relief" on his sentence. The court affirmed the general sessions court's finding that Wilson violated the terms of his probation in case numbers 117014 and 118034 and affirmed the finding of guilt in case number 118603. The court also affirmed the sentence of eleven months and twenty-nine days at seventy-five percent in jail in case number 117014 but modified the sentence in case number 118034 to 180 days in confinement with the balance of the eleven-month and twenty-nine-day sentence to be served on supervised probation. Finally, the court modified the sentence in case number 118603 to a suspended sentence of eleven months and twenty-nine days to be served on supervised probation. The court also reinstated the general sessions court's imposition of consecutive sentencing in these three cases. In summary, the court stated, "So you're going to serve 18 months, that will be half [of your effective sentence], then you're going to be on probation for 18 months." The court also required Wilson to undergo mental health treatment and to participate in domestic violence counseling. Following the circuit court's imposition of his sentence, Wilson filed a timely appeal.

**ANALYSIS**

Wilson argues that the court failed to comply with the misdemeanor sentencing statute in sentencing him for his second assault conviction. In addition, he argues that the trial court should have placed more weight on his ability to comply with the terms of his probation and, consequently, should have "restarted [his] probation anew" following his probation violation. In response, the State argues that Wilson is not entitled to relief because nothing in the record supports his contentions. We agree with the State.

Initially, the State asserts that Wilson has waived his issues on appeal because he failed to cite to the appellate record in the argument section of his brief. See Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). We note that although Wilson should have cited to the record in his argument section, he did cite to the relevant sections of the transcript in the facts section of his brief. Accordingly, we will review his issues on their merits.

In addition, the State asserts that Wilson has waived any contentions not raised in the argument section of his brief. Specifically, the State asserts that "[a]ny assignments of alleged error made by the defendant in footnotes or otherwise that are not included in his argument section have been waived." See Tenn. R. App. P. 27(a)(7) (The appellant brief shall contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]"); Tenn. R. Ct. Crim. App. 10(b). Upon review, we conclude that Wilson sufficiently outlined his contentions with regard to the issues he presented in the argument section of his brief.

First, Wilson argues that the court failed to comply with the misdemeanor sentencing statute in sentencing him for the assault conviction in case number 118603. He argues that the trial court failed to "consider mitigating and enhancement factors" and failed to "consider the purposes and principles of sentencing." In other words, he claims that because the circuit court abused its discretion when it "wholly departed" from sentencing act, his sentence is not entitled to a presumption of reasonableness and should be set aside. He asserts that the trial court should have sentenced him "to a term less than 11 months and 29 days, concurrent with the earlier sentences, in addition to being probated." He also argues that the percentage of service for this conviction should be modified to reflect a percentage of service of zero percent because no percentage was expressed in the court's judgment. We conclude that the trial court did not abuse its discretion in sentencing Wilson for the conviction in case number 118603 and that the percentage of service for this sentence is zero percent.

-5-

The record shows that the circuit court sentenced Wilson for the assault in case number 118603 to eleven months and twenty-nine days, which it suspended to supervised probation, and ordered this sentence to be served consecutively to the other two sentences in case numbers 117014 and 118034. Recently, the Tennessee Supreme Court concluded that a trial court's sentencing determinations in felony cases should be reviewed under "an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). Shortly thereafter, the Tennessee Supreme Court applied the abuse of discretion standard, accompanied by a presumption of reasonableness, to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). To date, the Tennessee Supreme Court has not addressed whether the abuse of discretion standard with a presumption of reasonableness applies to misdemeanor sentencing. However, because our court has recently applied the abuse of discretion standard with a presumption of reasonableness to misdemeanor sentencing cases, we will do so in this case. See State v. Michael Glen Walsh, No. E2012-00805-CCA-R3-CD, 2013 WL 1636661, at *4 (Tenn. Crim. App. Apr. 17, 2013); State v. Sue Ann Christopher, No. E2012-01090-CCA-R3-CD, 2013 WL 1088341, at *7 (Tenn. Crim. App. Mar. 14, 2013). Because the circuit court sentenced Wilson within the appropriate range for assault and because the sentence reflected the trial court's proper application of the purposes and principles of the sentencing act, we conclude that the trial court did not abuse its discretion in imposing the sentence for this conviction. See Bise, 380 S.W.3d at 707.

Pursuant to the 2005 amendments to the sentencing act, a trial court must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
> (2) The presentence report;
> (3) The principles of sentencing and arguments as to sentencing alternatives;
> (4) The nature and characteristics of the criminal conduct involved;
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b) (2012). The defendant has the burden of showing the impropriety of the sentence on appeal. Id. § 40-35-401(d) (2012), Sentencing Comm'n Comments.

Here, Wilson entered a guilty plea to assault, a Class A misdemeanor, which carries a maximum sentence of eleven months and twenty-nine days. See id. § 40-35-111(e)(1) (2012). Sentences for misdemeanor offenses must be specific and in accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. Id. §§ 40-35-104, -302 (2012). The sentencing court is granted considerable latitude in misdemeanor sentencing. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (citing State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998)). While a separate sentencing hearing is not mandatory in misdemeanor cases, the court must provide the defendant with a reasonable opportunity to be heard regarding the length and manner of the sentence. See T.C.A. § 40-35-302(a) (2012).

"[A] misdemeanor offender must be sentenced to an authorized determinant sentence[,]" and "a percentage of that sentence, which the offender must serve before becoming eligible for consideration for rehabilitative programs, must be designated." State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995). Typically, a percentage not greater than seventy-five percent of the sentence should be fixed for a misdemeanor offender. Id. at 393-94; T.C.A. § 40-35-302(d) (2012).

An individual convicted of a misdemeanor has no presumption of entitlement to a minimum sentence. Johnson, 15 S.W.3d at 518 (citing State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994)). The misdemeanor sentencing statute requires that the trial court consider the purposes and principles of sentencing when calculating the percentage of the sentence to be served in confinement prior to "consideration for work release, furlough, trusty status and related rehabilitative programs." T.C.A. § 40-35-302(b), (d) (2012). However, there is no strict requirement that the trial court make findings on the record regarding the percentage of the defendant's sentence to be served in confinement:

> [W]hile the better practice is to make findings on the record when fixing a percentage of a defendant's sentence to be served in incarceration, a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute.

Troutman, 979 S.W.2d at 274 (footnote omitted).

The circuit court's oral sentencing findings show that it considered the purposes and principles of the sentencing act and complied with the misdemeanor sentencing statute in setting Wilson's sentence. Although the court did not place its findings on the record regarding its consideration of the applicable mitigating and enhancement factors, it was not

required to do so in a misdemeanor sentencing case. See id. Moreover, while the trial court could have imposed a sentence in confinement for this conviction, it chose to give Wilson a suspended sentence. See T.C.A. § 40-35-103(1)(B), (C) (2012). Wilson argues that the trial court should have sentenced him to "a term less than 11 months and 29 days, concurrent with the earlier sentences, in addition to being probated[;]" however, we conclude that the record supports the sentence imposed for this conviction. Wilson committed this assault against his mother only a few months after committing the assault against his girlfriend. Moreover, he committed this offense after being placed on probation for the first assault and then violating his probation. Although the circuit court erroneously stated in its judgment that it was modifying the sentence in case number 118603 rather than sentencing Wilson after conducting a de novo review, we conclude that the court did not abuse its discretion in imposing a suspended sentence of eleven months and twenty-nine days or in ordering this case served consecutively to Wilson's other two sentences. See id. § 27-5-108(c) (stating that appeals from general sessions court "shall be heard de novo in the circuit court"); State v. Cunningham, 972 S.W.2d 16, 18 (Tenn. Crim. App.1998) (noting that a de novo review entitles the parties "to a reexamination of the whole matter of law and fact[,]" which means that the circuit court is "not concerned with what took place in the lower court; the matter is tried as if no other hearing had occurred"). Accordingly, the sentence is upheld.

Wilson also argues that the percentage of service for the sentence in case number 118603 should be modified to reflect a percentage of service of zero percent. Tennessee Code Annotated section 40-35-302(d) states, "If no percentage is expressed in the judgment, the percentage shall be considered zero percent (0%)." Accordingly, the percentage of service for the sentence in case number 118603 is zero percent.

Second, after apparently conceding that there was sufficient proof presented at the hearing to revoke his probation, Wilson argues that the trial court should have placed more weight on his ability to comply with the terms of his probation and, consequently, should have "restarted [his] probation anew" after determining that he violated the terms of probation for his vandalism and assault convictions in case numbers 117014 and 118034. He asserts that "[i]n this instance, substantial compliance would be a judicious goal" and that the interests of justice and society would have been better served by having him placed on probation with the requirement of counseling rather than having him serve his sentence in confinement. Finally, he argues that the circuit court's judgment should be modified to reflect a percentage of service of zero percent for these convictions.

After determining that the defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-

310." T.C.A. § 40-35-311(e) (2012). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar, 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); T.C.A. §§ 40-35-308, -310, -311 (2012).

Although the circuit court erroneously stated in its judgment that it was affirming the general session's court's sentence in case number 117014 and was modifying the sentence in case number 118034 rather than sentencing Wilson after conducting a de novo review, we conclude that the circuit court did not abuse its discretion in ordering Wilson to serve the entire eleven-month and twenty-nine-day sentence for the vandalism conviction in case number 117014 in confinement or in ordering Wilson to serve 180 days of the eleven-month and twenty-nine-day sentence for the assault conviction in case number 118034 in confinement with the balance to be served on supervised probation. See T.C.A. § 27-5-108(c); Cunningham, 972 S.W.2d at 18. The record shows that there was sufficient evidence to support the trial court's ruling that Wilson had violated the terms of his probation by failing to report to his probation officer and by failing to provide proof that he attended the required mental health treatment. The evidence showed that although the probation officer instructed Wilson to provide the documentation regarding his attendance in the required mental health treatment, he failed to do so. In addition, the evidence showed that Wilson stopped reporting to his probation officer when he quit his job because of family difficulties. Wilson admitted that he failed to turn himself into police after he was fairly certain that a probation violation warrant had been issued for his failure to comply with the terms of his probation. Upon review, we conclude that Wilson failed to show that he had substantially complied with the terms of his probation and failed to show how the interests of justice or society would be better served by placing him on probation a second time rather than imposing some period of confinement. Although the court could have ordered Wilson to serve his sentences for the vandalism and assault convictions in continuous confinement, it granted him some relief and reduced the time in confinement for the assault conviction to 180

days. See T.C.A. §§ 40-35-308(a), -310. Because the trial court acted within its discretion in sentencing Wilson following the revocation of his probation, he is not entitled to relief on this issue.

Wilson also argues that the circuit court's judgment should be modified to reflect a percentage of service of zero percent for his convictions in case number 117014 and 118034. Here, the circuit court's judgment clearly states that the percentage of service for the sentence in case number 117014 is seventy-five percent, so Wilson is entitled to no modification of this sentence. However, the judgment does not explicitly state a percentage of service for the sentence in case number 118034. As we noted, Tennessee Code Annotated section 40-35-302(d) states, "If no percentage is expressed in the judgment, the percentage shall be considered zero percent (0%)." Accordingly, the percentage of service for the sentence in case number 118034 is zero percent.

## CONCLUSION

The judgment of the trial court is affirmed but the case is remanded for entry of a corrected judgment showing that the percentage of service for the sentences in case numbers 118034 and 118603 is zero percent.

_____
CAMILLE R. McMULLEN, JUDGE