# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 19, 2016 Session

## STATE OF TENNESSEE v. JAMES E. FERRELL

**Appeal from the Circuit Court for Warren County**
**No. 15-CR-772      Larry B. Stanley, Jr., Judge**
———————————————————

**No. M2016-01157-CCA-R3-CD – Filed January 11, 2017**
———————————————————


The Defendant, James E. Ferrell, was issued a citation for operating a vehicle while unrestrained by a safety belt, a Class C misdemeanor.  He was found guilty and assessed a fine for the violation in General Sessions Court, and he appealed to the Circuit Court, which imposed a judgment of conviction and a fine.  The Defendant alleges in this appeal that the Circuit Court did not have jurisdiction over the offense because there was no warrant issued in the case.  We conclude that the Circuit Court had jurisdiction based upon the issued citation and affirm the conviction.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

James E. Ferrell, Morrison, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Lisa S. Zavogiannis, District Attorney General; and Justin Walling, Assistant District Attorney General, for the appellee, State of Tennessee.


## OPINION

On July 25, 2015, the Defendant[1] was issued a citation for failing to use a safety belt while operating a vehicle, in violation of Tennessee Code Annotated section 55-9-

---

[1] Although the Defendant styles himself a "Third Party Intervener," he comes to this court as a defendant accused of failure to abide by the laws of this State, and we accordingly refer to him as "the Defendant" in this opinion.

603(a)(1) (2015).  The Defendant attempted to seek monetary damages against the State in a "counterclaim," which was dismissed in General Sessions Court as barred by sovereign immunity.  The Defendant was found guilty and fined ten dollars in General Sessions Court.

The Defendant timely appealed to the Circuit Court and moved to dismiss the charge on the basis that the Circuit Court lacked subject matter jurisdiction.  The Circuit Court held a hearing at which Trooper Josh Sparkman testified that he observed the Defendant driving on the highway in Warren County not wearing a seatbelt, stopped the Defendant, and issued him a citation.  The record reveals that the Defendant was driving a Ford Ranger.  The Circuit Court found beyond a reasonable doubt that the Defendant had violated the seatbelt law, and it imposed a ten-dollar fine on the Defendant.  *See State v. Kirk*, 392 S.W.3d 622, 624 (Tenn. Crim. App. 2011) (holding that an appeal from a general sessions court to a circuit court abrogates the judgment of the general sessions court and requires a new judgment after an independent review).  The Defendant appeals his Circuit Court conviction, arguing that the trial court did not have jurisdiction because there was no warrant in the record.

"Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it." *Johnson v. Hopkins*, 432 S.W.3d 840, 843 (Tenn. 2013). We review a question of jurisdiction de novo.  *Id.* at 844.  Circuit courts have original jurisdiction of crimes unless otherwise provided by statute.  T.C.A. §§ 16-10-102, 40-1-108.  The Defendant was convicted by the Circuit Court of a misdemeanor offense under Tennessee Code Annotated section 55-9-603(a)(1) (2015), which makes it an offense to operate a passenger motor vehicle in forward motion when not restrained by a safety belt.

The Defendant cites to Tennessee Code Annotated section 55-10-305 to support his argument that the trial court had no jurisdiction without a warrant.  The statute provides:

> No judge shall try any case except upon warrant duly prepared in the form required by law, which shall be preserved with the other papers pertaining to the judge's office, and no such judge shall collect any fine or cost imposed in any case involving a violation of chapters 8 and 9 of this title, parts 1-5 of this chapter and § 55-12-139, until that judge has completed the entries pertaining to the case in a docket kept for the making of the judge's records.

T.C.A. § 55-10-305.  An arrest generally requires a warrant supported by an affidavit of complaint which is in writing, made on oath before a magistrate, and alleges the essential facts constituting the offense.  *See* Tenn. R. Crim. P. 3; Tenn. R. Crim. P. 4; *State v.*

*Harris*, 280 S.W.3d 832, 839 (Tenn. Crim. App. 2008); *State v. Burtis*, 664 S.W.2d 305, 308 (Tenn. Crim. App. 1983); *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979). A prosecution may also be commenced on an affidavit of complaint. Tenn. R. Crim. P. 5(a)(2) ("An affidavit of complaint shall be filed promptly when a person, arrested without a warrant, is brought before a magistrate."); *State v. Ferrante*, 269 S.W.3d 908, 912 (Tenn. 2008) (noting that the Rule clearly contemplates that an arrestee may be taken before a magistrate to initiate charges through the filing of an affidavit of complaint); *State v. Best*, 614 S.W.2d 791, 795 (Tenn. 1981) (holding that when a person is arrested without a warrant, he must be taken before a magistrate so that "formal charges can be lodged … by the filing of an affidavit of complaint").

The Defendant was not arrested for violating the seatbelt law but was merely issued a citation. Under the statute mandating the use of seatbelts, "[a] law enforcement officer observing a violation of this section shall issue a citation to the violator, but shall not arrest or take into custody any person solely for a violation of this section." T.C.A. § 55-9-603(f)(1). Accordingly, the Defendant's traffic offense is governed by Tennessee Code Annotated section 55-10-207, which regulates traffic citations. A traffic citation is "a written citation or an electronic citation prepared by a law enforcement officer … with the intent the citation shall be filed, electronically or otherwise, with a court having jurisdiction over the alleged offense." T.C.A. § 55-10-207(a); *see also* T.C.A. § 40-7-118 (governing citations). For certain offenses, including a violation of the seatbelt law, the statute requires the issuance of a citation in lieu of arrest. T.C.A. § 55-10-207 (b)(1). Pursuant to the statute:

> Whenever a traffic citation has been prepared, accepted, and the original citation delivered to the court as provided herein, the original citation delivered to the court shall constitute a complaint to which the person cited must answer and *the officer issuing the citation shall not be required to file any other affidavit of complaint with the court*.

T.C.A. § 55-10-207(d) (emphasis added). Accordingly, the Defendant's traffic arrest did not require the trial court to proceed upon a separate warrant; instead the citation itself was sufficient as an affidavit of complaint in the form required by law. *See* T.C.A. § 55-10-305.

The State correctly notes that the Defendant has unsuccessfully raised this same issue appealing a previous seatbelt violation. *See State v. James Everett Ferrell*, No. M2011-00870-CCA-R3-CD, 2012 WL 2411903, at *1 (Tenn. Crim. App. June 27, 2012). In his previous appeal, the Defendant received a traffic citation for failure to wear his safety belt, and he raised the same argument on appeal. *Id.* This court concluded that the Defendant failed to provide an adequate appellate record or adequate citations to

authority, but that, "in any event," no warrant was required under the statute governing traffic citations.  *Id.* at *1-2.  We come to the same conclusion that the citation issued dispensed with the warrant requirement.

### CONCLUSION

The trial court had jurisdiction to enter the judgment of conviction, and we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE